(37 Misc. Rep. 215.)

### MANNING et al. v. MERCANTILE TRUST CO. et al.

(Supreme Court, Special Term, New York County. February, 1902.)

1. REPRESENTATIVE ACTION—DISCONTINUANCE.
    Where a person brings an action for himself and such others legally interested as may join him, he has the right to continue, discontinue, or compromise the suit until a person similarly situated has become a party plaintiff.

2. SAME—CONDUCTING SUIT—RIGHTS OF ADDITIONAL PLAINTIFF.
    Where plaintiff bringing an action for himself and in behalf of all others similarly situated who may join unreasonably delays the trial of the

action, a party added after the action was brought may conduct the suit on giving a bond to the original plaintiff to secure payment to him of a ratable share of the entire expenses of the action when it should be determined.

Action by James E. Manning, stockholder of the Bay State Gas Company of Delaware, for himself and such others as may join against the Mercantile Trust Company and others. Motion by plaintiff to restore cause to the calendar. Granted.

See 57 N. Y. Supp. 467.

Baldwin & Boston, for plaintiff Manning.

James Harold Warner, for plaintiff Jones.

Alexander & Green, for defendant Mercantile Trust Co.

Stern & Rushmore, for defendant Bay State Gas Co.

Cary & Whitridge, for defendants Rogers and Whitridge.

Root, Howard, Winthrop & Stimson, for defendants Whitney, Pruyn, and others.

SCOTT, J. This is a representative action, brought by James E. Manning, as a stockholder of the Bay State Gas Company of Delaware, in behalf of himself and of such other legally interested parties as may desire to joint herein and share the benefits and expenses hereof. Its purpose is to cancel a certain trust agreement dated October 31, 1896, between the Bay State Gas Company of Delaware and the defendants Rogers, Moore, and Whitridge, as trustees, to compel the return to the Bay State Gas Company of Delaware of certain stock held by said trustees, and for other equitable relief. The action was commenced on January 14, 1898, and on June 21, 1898, an order was entered making Frank Cazenove Jones, also a stockholder in the Bay State Gas Company of Delaware, a party plaintiff. Notices and cross notices of trial were given, and the cause was placed on the special term calendar. On December 16, 1898, Jones, by his own attorney, moved for the issuance of commissions to take testimony without the state, and generally undertook to force the cause on for trial on the alleged ground that the attorneys for the plaintiff Manning were dilatory in the prosecution of the action. This activity on the part of Jones led certain of the defendants to move to restrain him from prosecuting the action. This motion resulted in an order entered on March 14, 1899, wherein it was provided that said Frank Cazenove Jones be and be made a party plaintiff, and be liable to contribute his ratable share of the costs and expenses of the action as a coplaintiff with said James E. Manning or such other coplaintiffs as then were or thereafter might become parties; that the plaintiffs Manning and Le Roy might move to eliminate Jones as a coplaintiff, if it should at any time appear that his laches or delay prejudiced the cause of action of his coplaintiffs; that all plaintiffs should be represented by the attorneys for the original plaintiff (Manning), unless thereafter otherwise ordered by the court. The effect of this order was to confirm Jones in his attitude of a coplaintiff, but to debar him, until the further order of the court, from taking any actior in prosecution of the action, leaving its whole control and direction in

the hands of the original plaintiff, Manning, and his attorneys. The cause remained on the special term calendar until March 22, 1901, without any attempt on the part of Manning or his attorneys to bring it on for trial, and on that day was reserved generally. On October 12, 1901,—two years and a half after the order restraining Jones from prosecuting the action,—nothing having been done in the meantime by the plaintiff Manning or his attorneys, Jones, through his attorneys, wrote to Manning's attorneys, inquiring whether they proposed to try the action, notifying them that if they did not take steps in that direction he would himself move for leave to prosecute it. The reply to this was to the effect that the attorneys themselves were quite willing to bring the action on for trial, but that they had no instructions from their client (Manning) to do so. It is quite evident from the affidavits read upon the present motion that Manning had no intention of prosecuting the action to trial. Jones now moves that the cause be restored to the calendar, and that he be permitted in his own behalf and in behalf of other coplaintiffs similarly interested to assume the management and direction of the action and bring it on for trial.

It has been authoritatively settled in this state that a plaintiff who brings an action in behalf of himself and others similarly situated has the right to control the action, and may continue, compromise, abandon, or discontinue it at pleasure until a person similarly situated has procured an order to be made a party to the action, or has served a notice of motion to be brought in, or until interlocutory judgment has been entered. Hirshfeld v. Fitzgerald, 157 N. Y. 166–184, 51 N. E. 997, 46 L. R. A. 839. When, however, a person similarly situated has been made a party plaintiff, he becomes vested with an interest in the subject-matter of the action, and thereafter nothing can be done by the original plaintiff in derogation of the rights and interests of the added coplaintiff. Brinckerhoff v. Bostwick, 99 N. Y. 194, 1 N. E. 663; Belmont Nail Co. v. Columbia Iron & Steel Co. (C. C.) 46 Fed. 336. The original plaintiff still has the right to prosecute the action, if he do so in good faith; but he may not, without the consent of his added coplaintiff, abandon or discontinue it. If the original plaintiff cannot abandon or discontinue the action against the interest of his coplaintiff, it is clear that he cannot effect the same result by indefinitely refusing to prosecute it; and where, as in the present case, he has unreasonably delayed its prosecution, and indicates that he has no present intention of continuing its prosecution, without any assigned cause or reason except a mere disinclination to proceed, a proper case is presented for committing the conduct of the action to the coplaintiff who has come in upon the original plaintiff's invitation. It is urged, however, that, before the conduct of the cause can be committed to the intervening coplaintiff, he should reimburse the original plaintiff for a part, at least, of the expense already incurred. The intervener, Jones, whether he assumes active control of the action or not, made himself liable by his intervention to pay his ratable share of the expenses of the litigation. But this means the expense of the whole litigation, and not merely that part of it

which attaches to the proceedings before trial. If he be now given the direction of the action he will undoubtedly be called upon to meet and pay expenses attendant upon the trial and the proceedings after judgment. Until the litigation be concluded, it cannot be ascertained with any certainty what the expenses of the litigation will be, and what proportion thereof will have been paid by the plaintiff Manning and what by the intervening plaintiff, Jones; nor can it be known how many stockholders may come in to share in the benefits of such judgment as may be recovered. The original plaintiff estimates his expenditures up to date at something in excess of $4,000, but it appears that he has not paid all of this himself, but that part of it has been paid by one of the defendants. In order that the original plaintiff may be entirely protected, the order permitting the intervening plaintiff, Jones, to take charge of the action will be conditioned upon his giving an undertaking in the penal sum of $1,500, conditioned that he will, when ordered by the court, pay to the original plaintiff, Manning, such a sum, if any, as may be found to be due to him from the intervening coplaintiff as his ratable share of the entire expense of the litigation. Upon this condition the motion will be granted, the form of the undertaking and of the order to be settled on two days' notice to the attorneys for the original plaintiff.

Ordered accordingly.