festly unjust to require the plaintiff to go to trial on such sweeping and comprehensive charges of business obliquity and long-continued petrified integrity on the part of himself or his deceased copartner, without apprising him more fully of the nature of such charges. Justice and propriety require the defendants to comply with the plaintiff's demand for a bill of particulars. The particulars asked for amount to little more than a detailed description of the wrongful contracts which the defendants claim were made to the prejudice of their intestate. If those contracts were in writing, and in defendants' possession, plaintiff would clearly be entitled to copies thereof. Being oral, it is equally proper that defendants should furnish detailed particulars concerning the same.

The order must be reversed, with $10 costs and disbursements, and the motion granted, without costs. All concur.

---

WEED et al. v. FIRST NAT. BANK OF SARATOGA SPRINGS et al.

(Supreme Court, Appellate Division, Third Department. January 9, 1907.)

1. PARTIES—NEW PARTIES—CONSENT.

Where, after the institution of an action, another person is admitted as coplaintiff by consent of the parties, such coplaintiff is entitled to the same rights as though she had jointly instituted the action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Parties, § 74.]

2. SAME—NEW PARTIES—CONDITIONS—COST.

Where a party plaintiff seeks to have another person made party defendant against the protests of a coplaintiff, the order should be made on condition that the plaintiff desiring the additional party, should assume responsibility for costs therefor, if litigation against the additional party prove unsuccessful.

Smith, J., dissenting.

Appeal from Special Term, Saratoga County.

Action by William R. Weed and Florence J. Steenburgh against the First National Bank of Saratoga Springs and others. From an order granting a motion by plaintiff Steenburgh that Willard Lester be made a party defendant, the plaintiff Weed and the defendant the First National Bank of Saratoga Springs appeal. Order modified.

See 94 N. Y. Supp. 681.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Edgar T. Brackett, for appellant William R. Weed.

Clarence B. Kilmer, for appellant the First National Bank of Saratoga Springs.

Lewis E. Carr, for respondent Florence J. Steenburgh.

John L. Henning (Marcus T. Hun, of counsel), for respondents William B. Gage and others.

COCHRANE, J. The action was originally instituted by William R. Weed as sole plaintiff. Thereafter Florence J. Steenburgh was, by order of the court on her own motion, permitted to intervene as a par-

ty plaintiff, and to appear as such plaintiff by her attorney. Such order was granted without opposition after notice to the original plaintiff Weed. From the papers used on the present motion, it appears that it was made "upon the consent of the respective parties." The propriety of such order granted as it was without objection by the original plaintiff cannot here be questioned. That such an order may lead to friction between plaintiffs as a result of their uncongeniality or because of divergent notions as to the manner in which the litigation should be conducted is demonstrated by the present controversy. It is also apparent that such a dual relationship of coplaintiffs may lead to confusion in practice worse confounded. But those are arguments which should have been directed against the order of intervention. The status as a coplaintiff of the respondent Steenburgh having been judicially fixed with the practical consent of the original plaintiff, such intervening plaintiff is now entitled to the same rights, privileges, and consideration to which she would be entitled had she jointly with the plaintiff Weed originally instituted the action with his consent and cooperation.

Viewed from this standpoint, the question as to the propriety of bringing in another person as a party defendant resolves itself into a proper exercise of discretion by the Special Term, in an effort to subordinate as much as possible the internecine warfare between the coplaintiffs to their common interests, and to make such a disposition of the question as will best subserve those interests. The plaintiffs, as stockholders of the defendant bank, seek to maintain the action for the benefit of the bank and all its stockholders to recover of certain directors of the bank for losses claimed to have been sustained by reason of their alleged negligence and malfeasance as such directors. The proposed defendant Lester was also a director, and is claimed by the plaintiff Steenburgh to be liable in this action. Hence this motion on the part of such plaintiff to bring in Lester as a defendant, which motion is resisted by the other plaintiff Weed. The court will not on this motion consider whether a cause of action exists against the proposed defendant. That question must be determined in the usual way after the action shall be at issue as to him. Suffice it to say that it may be desirable in the interests of the stockholders generally that Lester should be a defendant. On the other hand, it is not apparent how the plaintiff Weed can be prejudiced by the presence of Lester as a defendant except by the possible contingency of costs in case Lester should be successful in the litigation. The discretion of the Special Term was not improperly exercised except that the plaintiff Weed should have been protected against such costs. A plaintiff who seeks to force on his coplaintiff against the protest of the latter a litigation with a party not already identified with the action should be willing to assume responsibility for the costs of such litigation if unsuccessful.

The order should therefore be modified by requiring the respondent Steenburgh to give to the appellant Weed a bond to be approved by a justice of the Supreme Court to protect said Weed against all costs which may be awarded in favor of the proposed defendant, and, as thus modified, affirmed, without costs. Unless the respondent Steen-

burgh complies with this modification within 20 days, the order must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur, except SMITH, J., who votes for reversal.