## DANA v. MORGAN et al.

(District Court, S. D. New York. December 8, 1914.)

1. CORPORATIONS ⬤⟹211—STOCKHOLDER'S BILL—VACATION OF CONTRACT—FRAUD.

A stockholder's bill to set aside a contract between the corporation and M., alleging that the contract was made in bad faith, contemplated a dissipation of defendant corporation's assets and waste of its capital, and that the controlling reason for making the contract was that certain of the officers and shareholders of defendant company and M. were interested in certain mining companies, and particularly in the C. Company, and that the contract was but a scheme to pay M. for running such C. Company or other mining companies at the expense of defendant company, alleged sufficient facts to show that the contract was fraudulent.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 814–818, 820, 821, 823, 824; Dec. Dig. ⬤⟹211.]

2. CORPORATIONS ⬤⟹206—STOCKHOLDER'S BILL—RIGHT TO SUE—ACTION BY CORPORATION—EFFORT TO OBTAIN—EQUITY RULE.

Where a stockholder sues on behalf of the corporation to set aside an alleged fraudulent contract made by it, equity rule 27 (198 Fed. xxv, 115 C. C. A. xxv) does not require that he shall necessarily have first made a formal request of the corporation to sue, where the circumstances show that such request would have been futile; it being within the court's power to determine in every instance on the facts alleged whether such request would have been unavailing.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 791–796; Dec. Dig. ⬤⟹206.]

3. CORPORATIONS ⬤⟹426—ILLEGAL ACTS—RATIFICATION—FRAUD.

Stockholders of a corporation, except by their unanimous act, may not ratify a corporate contract which is fraudulent.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1596, 1702–1704, 1707, 1708, 1710–1716; Dec. Dig. ⬤⟹426.]

4. JUDGMENT ⬤⟹713—CONCLUSIVENESS—ISSUES.

A cause of action, once tried, includes all issues that might have been tried, and the judgment is res judicata thereof.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1063, 1066, 1099, 1234–1237, 1239, 1241, 1247; Dec. Dig. ⬤⟹713.]

5. JUDGMENT ⬤⟹701 — CONCLUSIVENESS — RES JUDICATA — STOCKHOLDER'S SUIT.

Where a stockholder sued on behalf of a corporation to set aside a corporate contract, on the ground that it merely granted a gratuity and was ultra vires, etc., another stockholder could have intervened and attacked the same contract on the ground of fraud; but he, though having knowledge of the suit, having refused to do so, the judgment therein was res judicata, and a bar to his subsequent suit to set aside the contract for fraud.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1226; Dec. Dig. ⬤⟹701.]

In Equity. Suit by Charles A. Dana, as executor, etc., against Edwin D. Morgan and the Corralitos Company. On defendants' motion to determine the validity of certain defenses waived by defendants' answer, which are as follows:

(1) The amended complaint does not comply with equity rule No. 27 (198 Fed. xxv, 115 C. C. A. xxv).

(2) The matters set forth in the bill of complaint herein are res judicatæ by reason of the entry of judgment in a certain suit in the Supreme Court of the state of New York referred to in the pleadings.

(3) That the contract sought to be set aside by the bill of complaint herein has been ratified by the stockholders of the defendant company, and is therefore not open to the attack made by the said bill of complaint. ,

(4) That the said bill should be dismissed by reason of the laches of the complainant.

Sustained and dismissed.

Herbert Parsons, of New York City, for plaintiff.

Ernest E. Baldwin, of New York City, for defendant Corralitos Co.

William W. Cook, of New York City, for defendant Morgan.

Charles F. Brown, of New York City, for other defendants.

HOUGH, District Judge. [1] It will not be necessary to digest or summarize the pleadings herein further than the following: The bill declares that both the original and the amended contract with Mr. Morgan "was made in bad faith," and contemplated "a dissipation of the profits and assets * * * and the waste of the capital" of the Corralitos Company.

I am inclined to think that an allegation of bad faith is an allegation of fact; but, even if it be not anything more than a conclusion, it is to be noted that the bill states as a reason, and a controlling reason, for the making of the contract complained of, that certain of the officers and shareholders of the Corralitos Company were, together with Morgan, interested in certain mining companies, and particularly in the Candelaria Mining Company, and that the contract sought to be set aside is really no more than a scheme or device to pay Mr. Morgan for running the mining company or companies at the expense of the Corralitos Company.

In a proceeding where the complaint is to be construed most favorably to the pleader, I think this statement regarding the Candelaria Company, plus the allegation of bad faith, constitutes a sufficient allegation of facts tending to show fraud; so that it may fairly be said that in this bill the Morgan contract is asserted to be fraudulent upon grounds sufficiently stated.

The defenses will be considered in what seems the most convenient order.

1. For reasons appearing in the record, I have declined to consider in advance of trial the defense of laches, except as it may hereinafter be alluded to under the head of res judicata.

[2] 2. Equity rule 27 requires a complainant such as Mr. Dana to set forth with particularity his efforts to obtain action on the part of the corporation, "or the reasons for not making such effort." In one sense Mr. Dana has made no efforts to procure action on the part of the Corralitos Company; that is to say, he has never asked that company or its officers to bring this particular suit. But he has shown at great length his reasons for not making such request.

Rule 27 does not require the making of a formal request in every case. The very proviso that a complainant may show his reasons for not "making such effort" impliedly authorizes suit without request under some circumstances. In my judgment it is within the power of the court to decide in every instance upon the facts shown

as to whether or not a request to bring suit would have been an idle ceremony.

In my judgment it is abundantly shown here that request would have been useless. Indeed, it is a part of the legal position assumed by the Corralitos Company that under the doctrine of res judicata, if they had brought suit it would necessarily have been defeated. This defense is therefore overruled.

[3] 3. The doctrine in respect of ratification is, I think, sufficiently stated in opinions referred to by all counsel, viz.: United States Steel Corporation v. Hodge, 64 N. J. Eq. 807, 54 Atl. 1, 60 L. R. A. 742; Russell v. Patterson Co., 232 Pa. 113, 81 Atl. 136, 36 L. R. A. (N. S.) 199; Pollitz v. Wabash Railroad Co., 207 N. Y. 113, 100 N E. 721. The substance of that doctrine is that even stockholders cannot ratify a fraud. This must be so, for otherwise a majority of shareholders could work any kind of rascally scheme upon a dissenting minority. As I have stated it to be my finding that this bill charges fraud, I am of opinion that the defense of ratification fails.

It necessarily follows, since the shareholders have ratified the Morgan contracts as far as they are capable of ratification, that Mr. Dana can never succeed in this action without proving the fraud he has alleged. No other ground of recovery is left open to him but fraud, incapable of condonation even by the largest majority of shareholders, short of universal concurrence. Unanimous concurrence would, of course, render fraud impossible.

4. The defense of res judicata is in my opinion well founded and properly pleaded. The Warner suit was in form just what this suit is; i. e., an action brought by a shareholder for the benefit of himself and all other shareholders, and instituted because the corporation itself would not act.

The relief demanded by Mr. Warner is exactly that sought by Mr. Dana; there is no plea or suggestion of collusion on the part of Mr. Warner; the present plaintiff knew all about Mr. Warner's proceedings, and deliberately refused to take part therein. The only difference between the two suits is this: Warner endeavored to reach result by showing that the contracts complained of were mere gratuities and ultra vires, while Dana wishes to arrive at the same result by pleading fraud.

Is the doctrine of res judicata avoided by varying the grounds for asking the same relief? This question is, I think, settled by authority and for reasons amply shown in the cases cited by defendant.

[4] It is undoubted law that a cause of action, once tried, includes all issues that might have been tried. Landon v. Bulkley, 95 Fed. 344, 37 C. C. A. 96; referring to Fayerweather v. Ritch, 91 Fed. 721, 34 C. C. A. 61, where the subject is extensively discussed.

[5] Mr. Warner and Mr. Dana had the same cause of action, viz., each of them had the same right, and each thought himself affected by some wrongful act or omission on the part of the defendants. Veeder v. Baker, 83 N. Y. 156; Pomeroy on Remedies, etc., § 452. Indeed, strictly speaking, no stockholder (in suits of this nature) has

an independent cause of action residing in him; he is doing no more than seeking to enforce a corporate right.

Can it be supposed that if the Corralitos Company had itself brought suit on the showing that Mr. Warner made, it could thereafter have brought another suit on the grounds now stated by Mr. Dana? I think not, and the decision in Rice v. King, 7 Johns. (N. Y.) 20, might be cited as early and well-reasoned authority for such holding, however different the facts and the method of procedure.

This is the test: If the corporation whose right is asserted by the shareholder could not bring a second suit, a second shareholder can bring no such suit (of course, in the absence of collusion). This has been specifically decided in Willoughby v. Chicago, etc., Railways Co., 50 N. J. Eq. 656, 25 Atl. 277, Hearst v. Putnam Mining Co., 28 Utah, 184, 77 Pac. 753, 66 L. R. A. 784, 107 Am. St. Rep. 698, and Goodbody v. Delaney, 80 N. J. Eq. 417, 83 Atl. 988, where the New York cases in the higher courts are sufficiently cited.

Nor was Mr. Dana handicapped or prevented from asserting the rights of the Corralitos Company in his own way by the New York practice cases; i. e., Manning v. Mercantile Trust Co., 37 Misc. Rep. 215, 75 N. Y. Supp. 168, and Weed v. First National Bank, 117 App. Div. 340, 101 N. Y. Supp. 1045. The way was open to him. It was within the discretion of the court to let both Warner and Dana present their views, and it cannot be doubted that the court would have given that right, had it been asked. Therefore in my judgment this present plaintiff is entirely within the rule of being bound by the result of a suit wherein not only what he now wants (as revealed by the prayer of the bill) was passed upon, but he had an opportunity of asking for what he wanted (and still wants) in his own way.

A final decree will be entered dismissing the bill, with costs, on the ground of res judicata.

NOTE.—This disposition of the matter renders unnecessary any discussion of the Warner judgment as establishing laches. I have preferred to put decision on a broader ground. It may also be noted here that I feel myself responsible for the discussion of Wabash Railway Co. v. Adelbert College, 208 U. S. 38, 28 Sup. Ct. 182, 52 L. Ed. 379. I did not, until corrected by counsel, recognize the distinction between shareholders' and bondholders' actions.