TREAT et al. v. ELLIS.

(Third Division. Valdez. August 16, 1917.)

No. 879.

JUDGMENT ⬥713(2)—ESTOPPEL—RES JUDICATA.

The plaintiffs began a former suit for the same cause against the same defendant, and obtained judgment; the case was appealed to the United States Circuit Court of Appeals, Ninth Circuit, where it was reversed and remanded to this court, with instructions to dismiss, which was done. In this action the same plaintiffs seek to recover from the same defendant the same interest in the same property, based upon the same contractual relations, upon the same evidence. *Held*, the case comes within

⬥See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the rule that "a judgment estops, not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented." The defense of res judicata will therefore have to be sustained.

Defendant pleads res judicata in bar of plaintiffs' action. A former suit between the same parties over the same subject-matter was tried by this court and determined in favor of the plaintiffs, and decree entered that defendant be required to convey to plaintiffs an undivided one-fifth interest in mining claims owned by him. An appeal was taken by defendant, the decree reversed, and the cause remanded, with instructions to dismiss the case, which was done. 236 Fed. 120.

In said case plaintiffs alleged in their complaint that in the year 1907 they advanced certain money to defendant to enable him to develop and test the ore from certain mining claims of which he was the owner. Said money not being repaid, plaintiffs entered into a written agreement with defendant in 1908, whereby it was agreed that plaintiffs would form a corporation, that defendant would deed said mining claims to the corporation, and give plaintiffs 20 per cent. of the capital stock. This agreement was never carried out.

In 1909 all parties agreed to a lease of said mining claims; plaintiffs joining with defendant in signing said lease. Said mining claims were worked by the lessee for several years at considerable profit, plaintiffs receiving their share. The plaintiffs alleged that at the time of making said lease the defendant agreed orally to give them an undivided one-fifth interest in said mining claims, in lieu of stock, provided their agreement of 1908 to incorporate was not carried out. Plaintiffs prayed in their complaint (among other things) that defendant specifically perform the contract of July 9, 1908, set out in the fifth paragraph of the complaint, or that he deed to plaintiffs Treat and Smith each an undivided one-tenth interest in and to each and all of said eight mining claims.

The question was not raised by the defendant on the trial of said case that the said agreement of July 9, 1908, to incorporate could not be specifically enforced as being too indefinite and uncertain; but, on the contrary, counsel on both sides, as well as the court, proceeded upon the theory that the action was one for the specific performance of the later agreement to convey an undivided one-fifth interest in the property to plaintiffs.

Plaintiff Smith testified that at the time of making the lease

Ellis agreed to give them the 20 per cent. interest in the property. (See transcript of record, page 112.) In this he is corroborated by plaintiff Treat. (Transcript of record, page 170.)

Donohoe & Dimond and Lyons & Ritchie, all of Valdez, for plaintiffs.

Leehey, Ray & Moores, for defendant.

BROWN, District Judge. While this agreement, modifying the written contract of 1908, was a parol one, the cause was tried on the theory that it was taken out of the statute of frauds by the lease, in writing, signed by both defendant Ellis and plaintiffs Treat and Smith, and also by other writings signed by defendant, admitting the said interest of plaintiffs in said mining claims, as well as consideration paid and change of possession. Had the question been raised, or the attention of the court called to the form of the action, to wit, that it might be held to be an action to specifically enforce the agreement to incorporate, it would have been apparent at once that such contract could not be specifically enforced.

The appellate court reversed the case upon this ground: That it was an action to enforce the agreement to incorporate, and that such contract was too uncertain and indefinite and could not be so enforced, and "that the complaint calls for the performance of acts that require the participation of others, not parties to the contract or to the suit."

Plaintiffs bring this new action to secure the same undivided one-fifth interest in the same mining claims, alleging that on June 5, 1909, it was agreed orally between the plaintiffs Treat and Smith and the defendant that the defendant would convey to them the undivided one-fifth interest in said mining claims. Reference is made in this complaint to the agreement concerning the loan of money in 1907 and to the agreement to incorporate, dated July 9, 1908. The defendant answered, setting up, among other defenses, that of res adjudicata, and pursuant to equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), said defense is taken up and now disposed of.

The mere recital of the facts seems to show that the issues in this case have been finally and conclusively determined in the former one. The plaintiffs seek to recover of and from defendant the same one-fifth interest in the same property sued

for in the first action, based upon the same contractual rela-
tions. The same evidence would be introduced and the same
difficulty encountered by plaintiffs in an action for specific
performance. It is true that in their complaint in the present
action they allege upon a contract entered into in June, 1909,
but it is upon precisely this contract that judgment was ren-
dered in this court on the first trial, in the belief that the evi-
dence sustained such finding and judgment.

The Circuit Court of Appeals, however, say (236 Fed. 123,
149 C. C. A. 333):

"It is not shown that Treat and Smith relied on any admission of
their title by the appellant, or that they changed their position as to
the property in any way, and there is no proof that the original con-
tract was ever changed."

Plaintiffs have filed a voluminous brief, citing many cases,
where another action may be maintained, notwithstanding the
former adjudication between the same parties, over the same
subject-matter.

The case of Cromwell v. Sac County, 94 U. S. 351, 24 L.
Ed. 195, is a leading case on this question. In that case the
court says (94 U. S. at page 352, 24 L. Ed. 195):

"In considering the operation of this judgment, it should be borne
in mind, as stated by counsel, that there is a difference between the
effect of a judgment as a bar or estoppel against the prosecution of
a second action upon the same claim or demand, and its effect as
an estoppel in another action between the same parties upon a
different claim or cause of action. In the former case, the judgment,
if rendered upon the merits, constitutes an absolute bar to a subse-
quent action. It is a finality as to the claim or demand in contro-
versy, concluding parties and those in privity with them, not only as
to every matter which was offered and received to sustain or defeat
the claim or demand, but as to any other admissible matter which
might have been offered for that purpose."

This seems to be the settled rule governing the defense of
res judicata, and it is unnecessary to go into or discuss the
long list of cases cited by plaintiffs, as the former judgment
seems to be a finality as to the claim or demand in controversy.

See Dowell v. Appelgate, 152 U. S. at page 345, 14 Sup. Ct.
at page 618 (38 L. Ed. 463), where the court says:

"This case, consequently, comes within the rule, that 'a judgment
estops not only as to every ground of recovery or defence actually
presented in the action, but also as to every ground which might
have been presented.'"

See, also, Union Cent. Life Ins. Co. v. Drake, 214 Fed. 537, 131 C. C. A. 82; Dana v. Morgan et al. (D. C.) 219 Fed. 313.

The defense of res judicata will therefore have to be sustained.