ANNA DRESDNER and MILTON WEINSTEIN, etc., Plaintiffs, *v.* THE GOLDMAN SACHS TRADING CORPORATION and Others, Defendants.

Supreme Court, Kings County, July 22, 1933.

*Weinstein & Levinson*, for the plaintiffs.

*Selig Edelman*, for the defendant Ralph Jonas.

*Sullivan & Cromwell* [*Walter H. Pollak* and *Robert M. Benjamin* of counsel], for the defendants The Goldman Sachs Trading Corporation and others.

CROPSEY, J. Plaintiffs bring an action to compel the officers and directors of a corporation, of which the plaintiffs are stockholders, to return to the corporation moneys and property claimed to have been wrongfully taken or wasted. The action is a derivative one, being brought on behalf of the corporate debtor, and the complaint alleges that it is brought in that capacity on behalf of all other creditors in addition to the plaintiffs. Some of the defendants have not answered. Instead, they have moved to dismiss the complaint on the ground that there is a prior action pending between the same parties, in the same court, to recover upon the same cause of action.

There is no dispute in the facts. Several prior actions have been brought by other stockholders and are still pending, two of them at least having been brought in the Supreme Court in this State, and others in other jurisdictions. The prior actions in this State have been consolidated upon motion. The consolidated action is also a derivative one. Therein practically the same relief is sought as is sought in the present action, and a number of the details alleged are similar. Some matters are pleaded in different forms in the complaints and there may be details in the present one which are not found in the complaints in the earlier actions. Such matters, however, are immaterial. (*Grant* v. *Greene Consolidated*

*Copper Co.*, 169 App. Div. 206, at p. 216; affd., 223 N. Y. 655.) As the opinion states in the case cited: " The substantial and determinative facts on which the several plaintiffs in the respective actions relied for relief are not materially different," and that is the test in determining whether the same causes of action are pleaded. It must be found that they are.

This brings us to the consideration of the next question, which is whether the complaint should be dismissed under subdivision 4 of rule 107 of the Rules of Civil Practice, which says that the defendant may move for judgment dismissing the complaint where " there is another action pending between the same parties for the same cause." Having determined that the prior action is for the same cause, it remains to be determined whether it is between the same parties. In derivative actions, such as those in question, the plaintiff cannot obtain any judgment in his favor. He has no right of action in his individual capacity. Any recovery against the miscreant directors would require the payment of the misappropriated or wasted funds to the corporation. The action could be brought by the corporation as it is the party which has been directly damaged by the acts complained of. In fact the cause of action rests in the corporation and not in any stockholder or creditor. The latter is permitted to bring the action only when the corporation is unwilling to do so and then the corporation must be joined as a defendant. The action which the stockholder or creditor thus brings is the action which belongs to the corporation and it is brought on behalf of the corporation. As the stockholder or creditor has no right to bring such an action in the name of the corporation, he is obliged to bring it in his individual name, doing so on behalf of himself and all other stockholders or creditors. This, however, does not make the cause of action his in any sense. It is still the cause of action belonging to the corporation, upon which he is permitted to sue lest he be deprived of his rights. Such an action is sometimes referred to as a representative action but it is that only in the sense that the stockholder or creditor brings it as the representative of the corporation. (13 Fletcher Cyclopedia Corporations 176, § 5860.) It is in fact a derivative action. (*Abrahams* v. *Bachmann*, 238 App. Div. 320; *Dana* v. *Morgan*, 219 Fed. 313, and note at p. 316; affd., 232 id. 85, see p. 89.) A typical representative action is one brought by a creditor upon a claim existing in all the creditors in their individual right. This is not such an one. It appears clearly, therefore, that the real plaintiff in the action is the corporation, and so when two stockholders or creditors bring separate actions both of them are in effect brought by the corporation. The question is not whether the

actions are brought by the same nominal plaintiff; it is whether they are brought by the same real plaintiff. (1 C. J. 80, § 104.) So if a simple action to recover money loaned was brought by the lender and later another action to recover upon the same claim was brought by an assignee of the lender, the two actions would be deemed to be brought by the same party. Of course if the plaintiffs in the two actions do not represent the same party, or the same claim, the prior action would not be a bar. This distinction is pointed out in *Loewenstein* v. *Diamond Soda Water Manufacturing Co.* (94 App. Div. 383). There the stockholders of the defendant brought a derivative action to hold the individual defendants for moneys unlawfully and fraudulently taken from the corporation. Another action had been begun by the directors of the corporation and the court held that the two actions were not the same, for they were not brought by the same parties " nor in the same right." It was pointed out that the directors' action was a statutory one under the provisions of the Code of Civil Procedure and that the stockholders' action was founded upon a rule of equity.

The court has not been referred to any decision in this State which holds that the pendency of a prior derivative action, brought by one stockholder or creditor, is a bar to a similar action brought by a different stockholder or creditor; but there are authorities on this point in other jurisdictions. (*Warner* v. *Hopkins*, 111 Penn. St. 328; *Goodbody* v. *Delaney*, 80 N. J. Eq. 417.) (See, also, *Finney* v. *Smith*, 227 Ill. App. 146, 150; *Singletary* v. *Chipstead*, 142 Ga. 208; *Robertson* v. *Monroe County*, 118 Miss. 541, 546, 547; *Commonwealth* v. *United States Trust Co.*, [Ky.] 117 S. W. 314; *Gamble* v. *City of San Diego*, 79 Fed. 487.) That the pendency of the prior action is a bar also finds support in the fact, admitted by the plaintiffs here, that a judgment in a prior stockholder's action would be a bar to the maintenance of a subsequent action by another stockholder. (*Grant* v. *Greene Consolidated Copper Co., supra; Dana* v. *Morgan*, 219 Fed. 313; affd., 232 id. 85.) This result is reached because the prior action is deemed to have been between the same parties as the subsequent one, although in fact the plaintiffs were different in name. Its basis is that the prior action though brought in form on behalf of all the stockholders was really brought on behalf of the corporation. As heretofore pointed out, that being so, the judgment obtained in any such action is a bar to any other one. It seems to follow logically that the pendency of the first action prior to the obtaining of judgment is an equal bar to the maintenance of another action to obtain similar relief. Such would be the universal holding if the plaintiffs in the two actions were the same in name. The legal effect can be no different though the

names of the stockholders in the two actions be different. The plaintiffs' counsel, however, points out some language in some of the cases in this State which, he contends, supports his claim that the pendency of the prior action is not a bar to the maintenance of a second action, although, concededly, a judgment obtained in the prior action would be. For instance, in *Brinckerhoff* v. *Bostwick* (99 N. Y. 185, at p. 194) the court said: " The bringing of the action by the original plaintiff did not prevent the other stockholders from bringing similar actions. But the moment a judgment should be recovered in one action for the benefit of all the stockholders, the proceedings in all the others would be stayed. (*Innes* v. *Lansing*, 7 Paige, 583.)" This language was not necessary to the decision of the case; and while the facts are not fully stated it may be assumed that the action there was a derivative one. The case cited by the court, however, as authority for this statement was not such an action. The cited case (*Innes* v. *Lansing*) was not brought to compel the directors to refund moneys wrongfully taken from the corporate debtor, but was by a creditor to enjoin partners from carrying on the business and making any use of the partnership property on the ground that the partnership was insolvent. While the complaint therein alleged that the action was brought on behalf of the plaintiff and all other creditors, the chancellor, in deciding the case, recognized that the action was not a derivative one. The defendant sought to stay the proceedings because of the pendency of a prior similar action by other creditors and the chancellor held that the application was premature, "As there has as yet been no decree in the other cause, for the benefit of all the creditors of the firm, under which this complainant could come in and prove his debt." Immediately following this, the opinion continues: "And until such decree has been obtained he is not authorized to interfere with that suit. * * * The proceedings in the suit of another creditor cannot therefore be stayed, unless a decree has been obtained to which he may make himself an actual party by coming in under the same." This was stating that the plaintiff in the second action could not intervene in the first action, and if the latter were a derivative action he would have had that right.

*Rogers* v. *King* (8 Paige, 209) was likewise not a derivative action.

Prior to the enactment of the present rule there seems to have been no way of disposing, prior to the trial, of a defendant's contention that the action was barred because of the pendency of a prior one. Now, however, the rule plainly states that a motion may be made to dismiss the complaint upon that ground and upon affidavits showing the facts.

Plaintiffs' counsel concedes that his clients could intervene in the prior action, but urges that they should not be left to that remedy. Had they begun their action sooner they might not have been relegated to that remedy. If their action had been commenced first they would have had all the rights they are now seeking. Moreover, the same counsel urges that plaintiffs who intervene in such an action do not have the right to control it. This statement may be correct, but it is equally correct to say that then the original plaintiff has not the right of control either. After such an intervening the court can make proper orders as to how the plaintiffs should proceed if they do not agree as to the course to be pursued. Then all the plaintiffs have equal rights, although, perhaps, one of them may not take all the proceedings in the action that he would if he were the sole plaintiff where the other plaintiffs object. (*Grant* v. *Greene Consolidated Copper Co.*, 169 App. Div. 206, at p. 213; affd., 223 N. Y. 655; *Hirshfeld* v. *Fitzgerald*, 157 id. 166, at pp. 180, 184; *Manning* v. *Mercantile Trust Co.*, 37 Misc. 215; *Lee* v. *City of Casey*, 269 Ill. 604.) But the fact that these plaintiffs, if they intervened in the prior action, might not have full control of it as they would have of an action in which they were the sole plaintiffs, is no reason for denying the defendants the relief to which they are clearly entitled under the rule.

The plaintiffs refer to the case of *Small* v. *Sullivan* (218 App. Div. 612; affd., 245 N. Y. 343). There the question was as to the sufficiency of a defense which alleged there was a prior action pending for the same cause. The Appellate Division held that was not a defense but that the remedy of the defendants was for consolidation and not for dismissal of the complaint (p. 623). The Court of Appeals did not discuss this point but stated that it agreed with the disposition made by the Appellate Division as to all matters save one, and that did not relate to the defense mentioned (p. 355). That action, however, was not a derivative one. It was rather a representative one. The plaintiff was a bondholder of a defendant corporation. He sued on behalf of himself and all others similarly situated. The basis of the action was the charge that the individual defendants had reorganized the corporate defendant in such a way as to make large profits for themselves. It was held that the plaintiff could maintain the action because the liability of the individual defendants would not constitute an asset of the defendant corporation. (See 245 N. Y. 343, at p. 355.) In other words, the action there brought was strictly a representative one. It was not the enforcement of an action which was owned by the corporate defendant and hence it was not derivative. Being

a representative action and not a derivative one, the pendency of a prior similar action by another bondholder would not be a defense and so the defense was held to be insufficient. A similar result was reached in *Wabash Railroad Company* v. *Adelbert College* (208 U. S. 38). The distinction between the two cases last cited and the present case is clearly pointed out in *Dana* v. *Morgan* (*supra*). So in *Handford* v. *Storie* (2 Sim. & Stu. 196) a prior action was held not to be a derivative one.

As there is a prior action pending for the same cause and between the same parties, the motions to dismiss the complaint must be granted, with ten dollars costs to each set of attorneys.