THE PEOPLE ex rel. William Burke et al.

v.

THE MAYOR AND CITY COUNCIL OF THE CITY OF BLOOMINGTON.

1. CITY OF BLOOMINGTON, *duty of, to keep its streets in repair.* The charter of the city of Bloomington gives the city council full power to keep in repair the streets, and to provide for keeping them in repair, and to prohibit obstructions therein. This power being granted to be exercised for the public benefit, its execution can be insisted upon as a duty.

2. SAME—*of the remedy to compel thé city authorities to act.* And a writ of *mandamus* is an appropriate proceeding to compel the city authorities to act.

3. MANDAMUS *to compel a city to put its streets in repair—to whom the writ should be directed.* The power having been given to the city council, and the charter providing that the mayor shall preside at its meetings, and in case of a tie in any vote of the council shall give the casting vote, such a writ is properly directed to the mayor and city council, in their official capacity, instead of to the city of Bloomington.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an application to the court below, by William Burke and others, for a writ of *mandamus* to compel the mayor and city council of the city of Bloomington to remove houses, fences, and other obstructions, from Lumber street in said city.

The court, at its September term, 1869, awarded an alternative writ directed "To the Mayor and City Council of the City of Bloomington, Illinois," returnable to the next term of the court.

At a subsequent term of the court, the defendants filed a general demurrer to the alternative writ, which the court sustained, and gave judgment for the defendants. The relators appeal.

Mr. J. McNULTA, for the appellants.

Mr. J. W. FIFER, and Messrs. WILLIAMS & BURR, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

It is *prima facie* the duty of the mayor and city council of the city of Bloomington to keep the streets of the city free from obstructions. The charter gives the city council full power to keep in repair the streets, and to provide for keeping them in repair, and to prohibit obstructions therein. This power is granted to be exercised for the public benefit, and its execution can be insisted on as a duty. *City of Bloomington* v. *Bay,* 42 Ill. 503 ; *Chicago City* v. *Robbins,* 2 Black, 418.

This power having been given to the city council, and the charter providing that the mayor shall preside at its meetings, and, in case of a tie in any vote of the council, shall give the casting vote, the writ was properly directed to the mayor and city council in their official capacity, instead of to the city of Bloomington, requiring them to do the particular thing specified in the writ, which appertains to their office and duty. *The People ex rel.* v. *Common Council of Syracuse,* 20 How. (N.Y.) 491.

A *mandamus* was an appropriate remedy in the case. *Hamman et al.* v. *City of Covington,* 3 Met. (Ky.) 494 ; *The State ex rel. Cleveland* v. *Common Council of Orange,* 2 Vroom, 131 ; *Borough of Uniontown* v. *The Commonwealth,* 34 Penn. 293 ; Tapping on Mand. 24, 60, 132. This disposes of all the points of objection made to the writ, and we are of opinion the demurrer should have been overruled and the respondents required to answer.

The judgment is reversed and the cause remanded.

*Judgment reversed.*