# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FOURTH DISTRICT—FEBRUARY TERM, 1880.

JAMES W. HALL, use, etc.,

v.

THE COUNTY OF JACKSON.

1. COUNTY ORDERS—NOT NEGOTIABLE.—County orders or warrants drawn by one officer upon another officer of the corporation, are not commercial and negotiable paper so as to be held by a *bona fide* transferee for value, free from equities and from inquiry as to the legality of their issue.

2. ORDERS BEARING INTEREST.—The County Court has no power to issue interest-bearing orders in settlement of an existing indebtedness against the county.

3. INTEREST PAID CANNOT BE RECOVERED BACK.—Where a county has fully paid and satisfied a claim with interest thereon to the date of payment, such interest cannot be recovered back.

4. MONEY PAID AS INTEREST APPLIED UPON THE PRINCIPAL.—Where, upon a claim against a county, money has been paid as interest ᵤᵤt there still remains any of the claim unsatisfied, the amounts paid as interest will be applied in reduction of and as payment upon the principal or original claim, and the plaintiff may have judgment for any balance that may be due after such reduction.

5. PRACTICE—FINAL JUDGMENT IN THIS COURT.—Where the error in the judgment below is merely in computation, such error will be corrected and final judgment entered in this court.

APPEAL from the Circuit Court of Jackson county; the Hon.

MONROE C. CRAWFORD, Judge, presiding.   Opinion filed April
2, 1880.

Mr. A. R. PUGH, for appellant; that the orders were compe-
tent testimony under the special counts, the defendant having
plead the general issue, cited Nye v. Wright, 2 Scam. 222; Ed-
brooke v. Cooper, 79 Ill. 582.

As to estoppel of corporations to deny their power to act:
West v. Madison Co. Agri'l Board, 82 Ill. 205; Darst v. Gale, 83
Ill. 136; Aurora Agri'l Soc. v. Paddock, 80 Ill. 263.

Upon the liability to pay interest: Madison Co. v. Bartlett,
1 Scam. 67; County of Pike v. Hosford, 11 Ill. 170; City of
Pekin v. Reynolds, 31 Ill. 530; Chicago v. The People, 56 Ill.
327; County of LaSalle v. Simmons, 5 Gilm. 513; Chicago v.
Wheeler, 25 Ill. 478; Clarke v. Board Sup'rs Hancock Co. 27
Ill. 305.

If the interest is illegal it may be separated from the legal
portion of the contract, and the latter enforced: Johnson v.
County of Stark, 24 Ill. 85; City of Quincy v. Warfield, 25 Ill.
317; Erlinger v. The People, 36 Ill. 458; Sherlock v. Winnetka,
68 Ill. 530; Coons v. The People, 76 Ill. 389.

Where the records of the county fail to show the fact, parol
evidence is admissible to show what the contract was: County
of Vermillion v. Knight. 1 Scam. 97; Washington Co. v. Par-
lier, 4 Gilm. 353; Ryan v. Dunlap, 17 Ill. 40; Bartlett v. Board
of Education, 59 Ill. 364.

Interest is an incident to all indebtedness, and counties have
the power to contract for its payment: City of Galena v. Cor-
with, 48 Ill. 423; McConnell v. Thomas, 2 Scam. 313; Rev.
Stat. 1874, Chap. 74, § 1.

Mr. WM. A. LEMMA and Mr. W. W. BARR, for appellee; that
an erroneous ruling which works no injury will not reverse,
cited Coursen v. Ely, 38 Ill. 338; Pratt v. Tucker, 67 Ill. 346;
Milliken v. Jones, 77 Ill. 372.

Generally as to the power of counties to contract: Soper v.
Henry County, 26 Iowa, 264; 1 Dillon on Mun. Cor. § 10;
Whitewell v. Pulaski County, 2 Dillon, 251; Britton v. Police

Hall v. County of Jackson.

Jury, 15 Wall. 566; Hardin v. McFarlan, 82 Ill. 138; Wells v. Whittaker, 4 Bradwell, 381.

County orders are liable to equities in the hands of the holders: 1 Dillon on Mun. Cor. § 406.

There can be no ratification except by the electors in their corporate capacity: Taylor v. Wayne, 25 Iowa, 447; Glidden v. Hopkins, 47 Ill. 525.

The sums paid as interest may be deducted from the principal of the orders: Mitchell v. Lyman, 77 Ill. 525; Saylor v. Daniels, 37 Ill. 331; Sanner v. Smith, 89 Ill. 124.

The orders were void, and no recovery can be had upon them: School Directors v. Sippy, 54 Ill. 287; Glidden v. Hopkins, 47 Ill. 525; Peers v. Board of Education, 72 Ill. 508.

If the error in judgment is merely in computation, the proper judgment may be entered here: Martin v. Barnhardt, 39 Ill. 9; Wallace v. Espy, 68 Ill. 143; Rev. Stat. 1874, Chap. 110, § 81.


BAKER, P. J.   Assumpsit upon two county orders issued by Jackson county to the plaintiff, James W. Hall; one for $1592.52, and dated in 1871, and the other for $586.75, and dated in 1873.   By their terms they bear interest from their respective dates at the rate of ten per centum per annum. Upon the trial below, the court refused to admit said orders in evidence in support of the special counts in the declaration, but allowed them, along with those portions of the records of the county court which contained the record of the presentation and allowance of the claims upon which said orders issued, to go in evidence under the common counts.

The fact these county orders were by Hall transferred by delivery, and for a consideration, to Horn, for whose use the suit was brought, does not change the aspect of the case. County orders or warrants drawn by one officer upon another officer of the corporation, are not commercial and negotiable paper, that would be held by a *bona fide* owner for value, freed from equities and defenses, and from inquiry as to legality of issue.   The evidence shows the orders were issued for services rendered as county clerk, and for accrued interest on other

county orders. We must hold, upon the authority of the County of Hardin v. McFarlan, 82 Ill. 138, that the county court had no power to issue these interest-bearing orders in settlement of an existing indebtedness against the county. However, the orders and the record evidence introduced by the plaintiff, established a *prima facie* demand under the common counts, in favor of the plaintiff and against the defendant for $2179.27, that being the amount of the two claims allowed in his favor, and upon which these orders were based.

It appears from the evidence there were allowed, and paid the plaintiff by the county during the years from 1873 to 1877, inclusive, various sums, amounting in the aggregate to over $1000, which sums were allowed and paid as interest upon said orders. Upon the trial, the circuit court not only refused to allow the unpaid interest claimed to be due upon the orders, but deducted from the plaintiff's original claim of $2179.27. these several sums so paid as interest. Although the county court had no power to make the agreement to pay interest upon this indebtedness, yet if the county had fully paid and satisfied the claims with ten per cent. interest to the date of payment, that would have been an end of the matter, and a suit to recover back the interest paid could not have been maintained. It is a general rule of law that if a party, with full knowledge of all the facts of the case, voluntarily pays money under a mistake as to the law or as to the legal effect of the circumstances under which it is paid, he cannot recover it back. But here the demand of the plaintiff against the county has not been satisfied, and discharged; the whole matter of the contract is still *in fieri*. The plaintiff has come into court and asked for a judgment against the county, and that he may have satisfaction of his debt. The proofs show he has a just and valid demand, but also show he has been paid upon these claims various sums of money. True, both parties understood the debt was bearing interest, but it is evident they were both laboring under a misapprehension of the real character and legal effect of the contract existing between them. The agreement to pay interest was inoperative and void, and must be rejected. The limit of the legal liability of

Hall v. County of Jackson.

the county was, and is the principal of the debt. The plaintiff; as he stands in the attitude of asking judgment for what is still his due, cannot object because the court deducts from the debt that which has been paid him thereon by the defendant. The court will ascertain the amount really due under the contract and the law, and not what the parties may have erroneously supposed was due. If it appears a contract does not draw interest, the court, in assessing the amount due thereon, will subtract from the debt all payments made, even though it was evident the defendant, at the time of making such payments, erroneously deemed himself liable to pay interest, and supposed his payments to be payments of interest. The case is somewhat analogous to that of the voluntary payment of usurious interest. If an usurious contract is fully satisfied and discharged, the illegal interest paid cannot be recovered back; but so long as any part of the principal debt remains unpaid, the usurious interest paid will be deducted from such principal. The point is made by appellee that $323.00 of the amount included in the allowance and order for $1,592.52 is for interest which had accrued on other county orders, and that interest on those orders could no more be collected than the interest on those here in suit. Although counties have no power to issue interest-bearing orders in payment of existing indebtedness, yet it would seem they may make original contracts wherein they may expressly stipulate for the payment of interest. County of Pike v. Hosford, 11 Ill. 170. The presumption here, in the absence of proof to show the contrary, must be that the interest included in this county order was legal and valid interest.

The attention of the court is called to section 9 of the act of Feb. 13, 1865 (Gross' Stat. 3rd Edn. Ch. 27, Sec. 41), which reads as follows : " If it shall be deemed advisable, any such county or city may issue such new bonds for the purpose alone of satisfying or taking up their respective bonds or debts." The " such new bonds" here authorized to be issued are those of the character provided for in the first section of the same act, and which were not to bear a greater rate of interest than six per centum per annum, etc. These statutory provis-

ions in regard to such bonds throw no light upon the matter of county orders drawing ten per cent. interest per annum.

As we have seen the *prima facie* claim established by the plaintiff against the county was $2,179.27. The several sums paid by the county as interest, and which the circuit court properly held should be allowed as credits, and deducted from the demand proven, amounted to $1,005.05. This would leave $1,174.22 still due the plaintiff; and the judgment below should have been for this latter sum. By some mistake in computation the finding and judgment was for only $1,074.31, which is $99.91 less than it should have been. As it is assigned for error that the court below erred in not giving judgment for plaintiff in a larger amount, the judgment must be reversed. But as it is a mere error in computation, a judgment will be entered in this court in favor of the plaintiff and against the defendant for $1,171.22 damages, and for all costs of suit, including costs of this appeal; said judgment to be certified to the County Board of Jackson county for payment

Reversed.