Harry W. Finney, trading as Finney & Company, Appellee, v. Clayton F. Smith, Treasurer of City of Chicago, Appellant.

Gen. No. 27,708.

1. MANDAMUS—*abatement proceeding by pendency of prior action.* A plea in abatement to a mandamus proceeding to compel payment by the city treasurer of a warrant issued to petitioner's assignor is properly set up by the treasurer's answer that taxpayers' suits are pending which charge that plaintiff's assignor has been overpaid for all services rendered by him to the city and that a refund is due to the city from such assignor, that the treasurer has been served with notice of the pendency of such suits and that prior to adjudication of the assignor's right to such payment he cannot pay the warrant without imposing a liability on his official bondsmen and that the right of plaintiff's assignor to such payment can only be determined in the taxpayers' suits, the plaintiff's rights being the same as those of his assignor.

2. MANDAMUS—*necessary parties defendant where payment of city warrant sought.* In a proceeding in mandamus to compel the city treasurer to pay a city warrant issued to petitioner's assignor, neither the petitioner's agent to indorse such warrant nor the city are necessary parties defendant where it appears that such agent's interest in the warrant has ceased and that the city is

represented by the city treasurer for whom the corporation counsel appeared.

3. SAVING QUESTIONS FOR REVIEW—*question whether demurrer carried back not reviewable where no request made.* On appeal from a judgment entered after a demurrer was sustained to respondent's answer to a petition for a writ of mandamus to compel him to pay a warrant drawn on the city treasury, the question whether the demurrer could be carried back to the petition will not be considered where it does not appear that respondent asked that it be carried back to such petition.

4. MANDAMUS—*cure of defective pleading by verdict.* In a mandamus proceeding to compel a city treasurer to pay a warrant drawn on the city treasury, the fact that it does not affirmatively appear that any appropriation was made out of which such warrant would be payable for the fiscal year for which it was presented will not defeat the proceeding where it is alleged generally in the petition that there was sufficient money in the fund to pay such warrant, such defective statement being one which is cured by verdict.

Appeal by defendant from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1922. Reversed and remanded. Opinion filed December 5, 1922.

SAMUEL A. ETTELSON and JAMES F. FARDY, for appellant; LEON HORNSTEIN and ROBERT C. O'CONNELL, of counsel.

WILLIAM M. LAWTON and ELMER M. LEESMAN, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is a mandamus proceeding to compel appellant (the respondent), as treasurer of the City of Chicago, to pay appellee (the petitioner), $21,000 on delivery to the former of a certain warrant for that sum, duly signed by the proper city authorities, and made payable to the order of Edward C. Waller, who sold and indorsed the same to petitioner. The latter also

indorsed and presented the same for payment, which was refused.

A demurrer was sustained to respondent's answer and plea, and standing by the same he has appealed from the judgment for said sum entered upon the pleadings, thus presenting questions of law only. In fact, no issue of fact is raised on the face of the pleadings.

The petition alleges, as facts, the appropriation by the City Council for the year 1920, to cover, among other expenses, those incurred for appraising of real estate in certain litigation, the employment of said Waller for such purpose, the acceptance of his services, the exhaustion about November 30, 1920, of the fund appropriated for such purpose, the execution and delivery on that date to said Waller of a certificate of indebtedness for his services in the amount of said sum, and at the same time the execution of said warrant for the payment of the same, which, however, was retained by the city comptroller and not delivered until July 1, 1921, the purchase of said warrant by the petitioner, May 10, 1921, his execution the same day of a power of attorney to Charles M. Nichols to receive, etc., and indorse the warrant, the latter's indorsement thereof, the presentation of the warrant for payment on July 14, 1921, existence on that date of sufficient money in the fund for such purpose under respondent's control to pay said warrant in full, and refusal of respondent to pay the same.

None of these averments is denied by respondent's pleading but it sets forth as ground for abatement of the proceeding the pendency of two chancery suits, each brought by a taxpayer in the interest of all taxpayers, one by the Tribune Company, a corporation, in the circuit court of Cook county, and the other by Sarah H. Henley, a nonresident taxpayer, in the District Court of the United States for this district, in each of which the bill of complaint charges:

"That the City of Chicago has paid said Edward C. Waller, Jr., a larger sum of money, to wit, more than the amount alleged to be due in the petition of relator over and above the total amount due to said Waller at any time from the City of Chicago, and it is further alleged and charged in said bill filed in said suit that such large sum of money, to wit, a larger sum than is alleged to be due said Waller in the petition of the relator, is due and payable from said Waller to said City of Chicago."

The respondent's pleading also sets forth that he has been served with notice of the pendency of said suits and of the contents of said bills of complaint, and that he and his sureties will be held liable under his official bond for any money paid out on said warrant. Respondent further alleges that as it cannot appear in this suit whether any money is due from said Waller to the City of Chicago he is compelled for the protection of himself and his bondsmen to withhold payment of said warrant until the fact is made to appear with legal certainty.

In the first place, it must be recognized that petitioner as transferee of the warrant holds the same subject to all legal and equitable defenses which existed to it in the hands of Waller, the payee. Such warrant has not the status of a negotiable instrument (*Hall v. Jackson County,* 5 Ill. App. 609; *School Directors v. Fogleman,* 76 Ill. 189; Daniel on Negotiable Instruments, vol. 1, sec. 427); hence petitioner's right to demand payment thereof is not superior to Waller's, and the city's liability—for it is the city's money that is sought to be reached—is no different than if the warrant had been presented by Waller or had not been issued. For if a suit were brought against the city upon the warrant or for alleged indebtedness to him it could unquestionably plead overpayment or a set-off, which, as sufficiently appears in respondent's plea, is made an issue in the two suits referred to. A settlement of that issue in one of those suits will be

decisive of the question whether the City of Chicago is liable upon the warrant in question, and a decree therein would be binding upon both Waller and the petitioner, and every other citizen and taxpayer of Chicago. As said in *People v. Clark,* 296 Ill. 46, 50:

"Where a citizen and taxpayer brings an action on behalf of himself and other taxpayers against a municipality, every citizen is regarded as a party to the proceedings and is bound by the judgment or decree entered therein. In such cases the people are regarded as the real parties. (15 R. C. L. 1035.) The general principle has been enunciated that in equity, if bona fide bills are filed and litigated by representatives of a class and the subject-matter of the suit is common to all, the decree binds the entire class as fully as if all were before the court." (24 Amer. & Eng. Encyc. of Law, 2nd Ed., 758.)

There can be no question that Finney stands in the shoes of Waller, against whom said two suits were brought. While nominally the parties to those suits and this are different, in reality they are the same and the causes of action involve the same subject-matter, namely, whether there is an indebtedness from the City of Chicago to Waller. The parties need not be the same where, as here, the action is by one of a class, or where a suit in the name of a nominal party is binding upon the real parties in interest. 1 Corpus Juris, pp. 77, 81.) We need not review authorities for this general rule, for it is especially applicable under our statute (Cahill's Ill. St. ch. 24, ¶ 239) permitting a taxpayer to bring a suit for the benefit of the city to recover money belonging to it, or for money which may have been paid, expended or released without authority of law.

In view, therefore, of the law as stated in *People v. Clark, supra,* and a sufficient showing by the plea that prior pending suits raise substantially the same issue as here presented, namely, the liability of the City of Chicago upon said warrant or whether it is indebted

to Waller, the plea of abatement was proper, and the demurrer thereto should not have been sustained.

On the theory presumably that the demurrer might be carried back to the petition, appellant urges that it is insufficient for want of necessary parties—that the City of Chicago and said Nichols should have been made parties defendant. The interest of Nichols, whatever it was, appears to have ceased, and the city was represented by appellant, its treasurer, for whom its corporation counsel appeared. (*People v. Raymond,* 186 Ill. 407, 423; *People ex rel. Burke v. City of Bloomington,* 63 Ill. 207.) Besides, it does not appear that appellant asked to have the demurrer carried back to the petition, as he should have done if he desired to raise this question. (*Town of Scott v. Artman,* 237 Ill. 394, 399.)

Appellant also urges that it does not appear that an appropriation for the fund on which the warrant was drawn was provided for in the fiscal year 1921, when the warrant was presented. The petition contained the general allegation that there was sufficient money in said fund, which could not have been the fact without such an appropriation had been made. At most the statement was a defective one which, under a well-established rule of pleading, would be cured by verdict.

For error in sustaining the demurrer the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

MORRILL and GRIDLEY, JJ., concur.