## CHARLESTON.

STATE *ex rel.* FERMON C. BOWYER *v.* CITY OF SPENCER,
*a Mun. Corp. et als.*

### (No. 5994)

Submitted May 11, 1927.    Decided May 17, 1927.

1. MANDAMUS—*Alternative Writ of Mandamus is Treated as
   Declaration of Relator; Alternative Writ of Mandamus
   May be Quashed, When Improperly or Insufficiently Di-
   rected; if Alternative Writ of Mandamus is Quashed, as
   Improperly or Insufficiently Directed, Relator May 'Amend;
   Alternative Writ of Mandamus to Compel Issuance of City
   License to Operate Pool Room Held to Present Case for
   Relief.*

   Under the practice in West Virginia, an alternative writ in
   mandamus is treated as the declaration of the relator.    The
   writ may be quashed·when improperly or insufficiently direct-
   ed.    In such case the relator may amend.    (p. 697).

   (Mandamus, 39 C. J. §§ 575, 623, 625 [Anno], 629, 634.)

2. SAME—*Mandamus to Control City Council is Properly Di-
   rected to Mayor and Council in Its Official Capacity; Writ
   of Mandamus, Intended to Control City Council, Directed
   to City, Its Mayor, and Its Recorder, Not Served on Coun-
   cil, Should be Quashed on Motion.*

   When control of a city council is sought by mandamus, the
   writ is properly·directed to the mayor and the council in its
   official capacity.    (p. 697).

   (Mandamus, 38 C. J. §§ 554, 656, 657.)

   (NOTE:    Parenthetical references by Editors, C. J.—Cyc. Not
   part of syllabi.)

Original proceeding by the State, on the relation of Fermon
C. Bowyer, for mandamus to be directed to the City of
Spencer and others.

*Grover F. Hedges,* for relator.
*Harper & Baker,* for respondents.

HATCHER, PRESIDENT:

The petition of F. C. Bowyer, supported by affidavit, was
filed in this court, stating that he is a citizen of good moral

character and a resident of the city of Spencer; that he had applied to the common council of that city for a license to operate pool tables in a suitable room in the city; that his application was refused; that the reason assigned by the council for the refusal was that the majority of the citizens of Spencer were opposed to the operation of pool rooms; but that as a matter of fact the majority of the citizens did not oppose pool rooms. The petition prayed that an alternative writ of mandamus issue, directed to "The City of Spencer, a municipal corporation, E. M. Sinnett, Mayor and F. E. Wright, Recorder". The writ was issued and directed as prayed for.

The respondents made no answer or return to the writ, but demurred to the petition and moved to quash the writ. Under the practice in West Virginia, the petition in such case is not regarded as a pleading, but the alternative writ is treated as the relator's declaration. The sufficiency of the writ may be tested either by demurrer or motion to quash. *Fisher* v. *City etc.*, 17 W. Va. 595 (616); *State* v. *Ry. Co.*, 65 W. Va. 15; *State* v. *Heatherly*, 102 W. Va. 16 (118).

There is no lack of substance in the alternative writ. The recitals present a case for relief. See *Hardman* v. *Town of Glenville*, 102 W. Va. 94 (96-7).

The motion to quash is based mainly on the fact that the writ is not directed to the council of the city of Spencer. Respondents point to the fact that the council is the body which is to do the thing required to be done. The relator relies on *Fisher* v. *City, supra*, in which it was held that a writ directed merely to the "City of Charleston" was sufficient, though the act commanded was the act of the council.

The weight of authority is that the writ should be directed "to those who are to execute it, or do the thing required." Dillon, Mun. Corp., 5th Ed., sec. 1537. 38 C. J. 848 (554). While a city performs many of its functions through its council, yet the council is not the city. The city is a legal entity, separate from its council. Just how the city as such could make its council perform a mandate addressed to the city does not appear. What coercive measures it would take against its council is not suggested. In recognition of all of

which, courts have held that where a council improperly failed to perform a duty, the writ was properly directed to the council in its official capacity, instead of to the city. *Burke* v. *The Mayor,* 63 Ill. 207; *Green* v. *The Common Council,* 20 How. (N. Y.) 491 (502-3). The opinion in *Fisher* v. *City, supra,* recognizes the propriety of that procedure. "Where the municipal corporation is composed of several distinct organs or bodies, the writ should be addressed to that particular branch of the municipal corporation, whose duty it is to do the particular act required." (p. 621). That rule was not applied in that case, apparently on the theory that the council of the city of Charleston was not a body distinct from the city.

That this court preferred explicit direction in such a writ is shown in *Fisher* v. *The Mayor etc.,* 17 W. Va. 628. Point 4 of the syllabus in that case states that a *mandamus nisi* should issue against "the City by its corporate name, and should command it by its mayor, recorder and councilmen."

Despite the fact that the writ in this case is not properly directed, we would condone that defect in deference to the holding in *Fisher* v. *City,* if the return showed that the writ had been served on the council of Spencer or the several members thereof. Dillon, supra, Sec. 1534. In that event the council would have notice of this proceeding. But the writ was not executed on the council, or service accepted by any one for it. As the situation now stands, the council has had no day in court. We are of opinion that it would be manifestly unfair to it, and violative of established law, to enlarge the command of the *mandamus nisi* in the preparation of the peremptory writ and thereby require the council to perform an act which it has been given no opportunity to protest. We are aware of a dictum to the contrary in the opinion of *Fisher* v. *The City,* (p. 621); but that dictum is inconsistent with the unyielding rule pronounced in point 6 of the syllabus in *Fisher* v. *The Mayor etc., supra,* that a peremptory writ must strictly follow the command of the alternative writ.

The alternative writ will therefore be quashed, saving the right to the relator to have it amended and reissued if he so desires.

*Writ quashed.*