## Pellio, Appellant, *v.* Bulls Head Coal Company.

*Corporations—Stockholders' bill—Actions—Right of stockholder to bring suit in his own name—Notice to the company to bring suit.*

A bill brought by an individual stockholder of a corporation in his own name to recover moneys wrongfully taken from the corporation will be dismissed where the only application to the officers of the company to bring suit in its name was by a mere notice addressed to the president and attorney of the corporation notifying them to bring suit and only inferentially indicating the parties against whom action was to be taken.

Argued Feb. 21, 1911. Appeal, No. 254, Jan. T., 1910, by plaintiff, from decree of C. P. Lackawanna Co., Nov. Term, 1909, No. 1, dismissing bill in equity in case of John W. Pellio v. Bulls Head Coal Company et al. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for a receiver and an accounting.

EDWARDS, P. J., filed the following opinion:

In another case, Pellio v. Bulls Head Coal Co., 224 Pa. 379, the plaintiff secured a decree compelling the said company to reassign to him five shares of the capital stock of the corporation, obtained from him through fraud and misrepresentation. Our decree was affirmed and the plaintiff's cross appeal was dismissed. It appears in that case that the plaintiff asked for a decree not only for the recovery of his stock but for an accounting on the part of the company and for the repayment into the corporate treasury of certain sums of money alleged to have been wrongfully appropriated by certain officers of the company. We heard evidence in said case on all the allegations of the plaintiff's bill and formulated findings of fact in accordance therewith; but when we had fully considered the merits of the controversy it appeared very clear to us that the only relief plaintiff was then entitled

to was a decree reinstating him as a stockholder on certain conditions. The terms of our decree having been complied with, the plaintiff is before us in the present case as a stockholder with the rights accorded to a stockholder under the law.

The defendants named in plaintiff's bill are the Bulls Head Coal Company, David J. Whiteford, Emma J. Dudley (formerly Emma J. Burr), and Emma J. Dudley, executrix of C. A. Burr, deceased—four defendants.

The allegations of plaintiff's bill are briefly and in part as follows:

1. The Bulls Head Coal Company was organized in 1901 with a capital stock of $25,000, the total number of shares issued amounting at par to $22,500, Burr owning $10,000 and Whiteford $9,000.

2. The defendant company immediately after its incorporation engaged in the mining and selling of coal. Burr was president, and Whiteford, secretary and treasurer.

3. Burr and Whiteford managed the company in a manner to suit themselves, paid such dividends as they pleased, drew large salaries and otherwise misapplied the funds of the company. From about April, 1904, to July, 1906, the sum of $49,000 was paid in salaries to three of his defendants, viz.. C. E. Burr, D. J. Whiteford and Emma J. Dudley.

4. On July 31 there was in the treasury of the company the sum of $14,496.01. On August 17 of the same year plaintiff was induced to part with his stock.

5. In accordance with the decree of the court in a former proceeding plaintiff has again become a stockholder of the company. The money in bank July 31, 1906 ($14,496.01), has been distributed to the stockholders as dividend, none of which has been paid to the plaintiff. A new board of directors and new officers have been elected, and the company still carries on the business of mining and selling coal.

6. A written notice was served on May 24, 1909, on

the Bulls Head Coal Company to bring suit against D. J. Whiteford and the estate of C. A. Burr, deceased, and the company has neglected to do so.

There are other paragraphs in the bill but we need not refer to them now. The plaintiff prays for the appointment of a receiver and for various accountings.

It is clear that the plaintiff is before us as a stockholder of the defendant company, and, under the allegations of his bill, that he is entitled to relief either in equity or law, the main question to be considered now being one of procedure. The substance of his complaint is that certain sums of money were unlawfully diverted from the treasury of the company and paid to three individuals under the guise of salaries, and he is seeking the aid of the court to secure the return of the funds so misappropriated into the treasury of the corporation.

There are two ways in which this can be done. Under certain conditions a stockholder may bring suit on behalf of the corporation without first requesting the managers or directors to bring such proceedings, but this may be done only under exceptional circumstances. A case in point is that of Treat v. Ins. Co., 203 Pa. 21. In this case the officers of the insurance company had reinsured all of its risks in another company. The company had no office, solicited no risks and was practically defunct; in other words the business had been abandoned. The officers, it appeared, had appropriated the funds of the company to their own use. It was held, that in such a case it was not necessary for a shareholder to request the manager to apply for a receiver, before filing his bill.

The facts of the case at bar, as gathered from the bill, are different. The defendant company is a going corporation. It has a president, secretary, treasurer and a board of directors and was carrying on "the business of mining coal" when the bill was filed. It is true that there are new officers, new directors and some new stockholders; but the corporation is an active one and is clothed with the usual corporate powers.

The other way to secure the relief sought by the plaintiff is indicated in the case of Wolf v. R. R. Co., 195 Pa. 91. This case fully explains the law. Mr. Justice MITCHELL says:

"The first matter for consideration is the status of the plaintiff to maintain such a bill. It is a bill to assert rights of the corporation, and therefore must ordinarily be brought by the corporation, itself. The right of an individual stockholder to act for the corporation is exceptional and only arises on a clear showing of special circumstances, among which inability or unwillingness of the corporation itself, demand upon the regular corporate management, and refusal to act are imperative requisites. And the refusal by the corporate management must appear affirmatively to be a disregard of duty and not an error of judgment, a nonperformance of a manifest official obligation, amounting to a breach of trust: 2 Beach on Private Corporations, sec. 878. There must be averred and proved an actual application to the directors, and a refusal by them to bring suit or to allow plaintiff to do so in the corporate name, and where misconduct of the directors themselves is alleged, the bill must show an effort to secure plaintiff's rights through meetings of the corporation: 2 Beach on Private Corporations, secs. 882, 885. 'The shareholder should set forth in his bill the efforts that he has made to induce the corporation to act in the matter, should allege its refusal or failure to sue,' and 'facts showing that he has left undone nothing which in reason he might have done to prevail on the corporate management to bring the action;' Taylor on Private Corporations, secs. 138, 140. See also Morawetz on Private Corporations, secs. 241, 244."

The counsel for plaintiff appears to have followed the procedure suggested in Wolf v. R. R. Co., 195 Pa. 91, because he attempted to comply with the requirement of notice to the corporation. A copy of the notice is attached to plaintiff's bill as exhibit "A." We hold this notice to be insufficient. It is directed to the "Bulls Head

Coal Co.; S. S. Spruks, President; C. Comegys, Esq., attorney.  Gentlemen: You are hereby notified to bring suit,'' etc.  A corporation is managed by its board of directors, and as is stated in the case cited: "There must be averred an actual application to the directors, and a refusal by them to bring suit."

We hold also that the notice ought to state specifically the parties against whom the corporation is to bring suit. Only in an inferential way can this be gathered from the notice in this case.

We are not called upon to decide the question of the right of the plaintiff to bring suit in his own name, rather than in his name for the benefit of the corporation, the Bulls Head Coal Company.  If the money alleged to have been misappropriated by the former officers of the company were recovered in legal proceedings, the sum so recovered should go into the treasury of the company, and the plaintiff would thereby reap a profit depending upon the amount of stock held by him and depending also upon the financial condition of the company at the time.  The money recovered in such a suit after satisfying creditors would belong to the stockholders of the company and could be distributed among them as dividends.  As an illustration we can use the facts set forth in the bill. During a period of about two years the sum of $49,000 was paid in the form of salaries to three persons who controlled the corporation.  Supposing that $4,000 would have been a fair compensation for their services, the balance of $45,000 would be the amount of the misappropriation.  Because the plaintiff owns five shares of the stock, or one-forty-fifth of the capital, it does not follow that he would be entitled to that proportion of the money recovered in a suit.  His right as a stockholder to a distributive share of the assets of the company would depend on other factors in the equation.

Reducing the plaintiff's case, as set forth in his bill, to its lowest terms, it means that the directors of the defendant company, being trustees for all the stockholders, are

under a legal obligation to bring suit against certain alleged wrongdoers to recover certain sums of money belonging to the company; and, that the said directors failing in this duty after notice, the plaintiff has the right to bring such a suit for and in behalf of the corporation. This is the substance of the plaintiff's case.

It should be understood that we sustain the demurrer in this case on the single ground of·the insufficiency of the notice exhibited in plaintiff's bill, leaving open the other questions, which are not specifically raised by the demurrer. The nature of the case is such that the plaintiff's bill cannot be amended.

Now, March 7, 1910, the demurrer is sustained and the plaintiff's bill is dismissed with costs.

*Error assigned* was decree dismissing the bill.

*Samuel B. Price*, with him *Cole B. Price*, for appellant.— A request to, and refusal by, the president of the corporation, is sufficient: Chicago v. Cameron, 120 Ill. 447 (11 N. E. Repr. 899); Averill v. Barber, 53 Hun, 636 (6 N. Y. Supp. 255); Becker v. Gulf City St. Ry. & R. E. Co., 80 Tex. 475 (15 S. W. Repr. 1094); Ball v. Rutland R. R. Co., 93 Fed. Repr. 513.

Ordinarily notice to or knowledge of the president of the bank is notice to and knowledge of the corporation: Bank of Pittsburg v. Whitehead, 10 Watts, 397; Louisville Trust Co. v. Louisville N. A. & C. Ry. Co., 75 Fed. Repr., 433; Fouche v. Merchants' Nat. Bank of Rome, 110 Ga. 827; First Nat. Bank of Bethlehem v. Peisert, 2 Pennypacker, 277.

*Cornelius Comegys, I. H. Burns, E. L. Burns* and *Thos. F. Wells*, for appellees, cited: Wolf v. R. R. Co., 195 Pa. 91.

Per Curiam, March 20, 1911:

The judgment is affirmed on the opinion of the learned court below.