## Lowman *v.* Harvey R. Pierce Co. et al.

*Corporations—Fraud of directors—Excessive salaries—Demand on corporation to sue—When demand need not be made—Right of minority stockholder—Parties—Demurrer—Waiver by trial—Estoppel by ratification—Equity.*

1. Ordinarily, a minority stockholder cannot maintain a suit against a corporation and its directors for corporate mismanagement and fraud, without previous demand that the corporation proceed, followed by its refusal; but this rule does not apply where such demand would be futile.

2. If a stockholder sues without previous demand, and no preliminary objection is made by defendants by demurrer, and the parties proceed to trial, objection as to want of proper party plaintiff cannot thereafter be made.

3. A court of equity has jurisdiction to supervise the action of directors of corporations in fixing their own salaries, where fraud or overreaching appears.

4. Where a director, holding with his codirectors the majority of the stock of a corporation, votes by proxy the stock of a minority stockholder so as to approve of the previous acts of the directors in unlawfully increasing their compensation, such minority stockholders is not estopped from thereafter maintaining a bill in equity to compel a restitution to the company of the funds illegally diverted.

5. In such case, one of the directors, who opposes the bill, cannot maintain that the recovery against him should be limited to the ratio which plaintiff's stock bears to the whole stock of the company, inasmuch as the suit is on behalf of the corporation itself and restitution must be made to the company.

Argued January 17, 1923. Appeal, No. 130, Jan. T., 1923, by Gustave A. Gussmann, from decree of C. P. No. 3, Phila. Co., June T., 1921, No. 4181, on bill in equity, in case of John B. Lowman v. Harvey R. Pierce Co. et al. Before Moschzisker, C. J., Walling, Kephart, Sadler and Schaffer, JJ. Affirmed.

Bill in equity to compel cancellation of notes, and annulment of resolution of directors. Before Mc-Michael, P. J.

The opinion of the Supreme Court states the facts.

Decree for plaintiff.  Gustave A. Gussmann, one of defendants, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*David Wallerstein* and *Abraham Israel,* with them *George B. Hawkes* and *H. James Sautter,* for appellant. —The bill should have been dismissed for want of a proper party plaintiff: Wilson v. Brown, 269 Pa. 225; Kelly v. Thomas, 234 Pa. 419; Wolf v. Railroad Co., 195 Pa. 91; McCloskey v. Snowden, 212 Pa. 249.

The bill should have been dismissed because (1) there was nothing upon which to base a finding of fraud; (2) plaintiff was guilty of such laches as to deprive him of any standing in a court of equity; (3) plaintiff ratified the acts of the directors of the company.

Even if plaintiff was entitled to a decree against appellant, the decree should have been for plaintiff's proportionate part only of the alleged unlawful salary.

*Francis Rawle,* with him *Joseph W. Henderson,* for appellee.—The case is ruled by Sotter v. Boiler Works, 257 Pa. 411.

Plaintiff was a proper party to the bill: Hawes v. Oakland, 104 U. S. 450; Weir v. Gas Co., 91 Fed. 940; Penn Bank v. Hopkins, 111 Pa. 328; Kelly v. Thomas, 234 Pa. 419; Wolf v. R. R., 195 Pa. 91; Com. T. I. & Tr. Co. v. Seltzer, 227 Pa. 410; McCloskey v. Snowden, 212 Pa. 249; Glenn v. Brewing Co., 259 Pa. 510; Wilson v. Brown, 269 Pa. 225.

It is too late now to raise the question of whether plaintiff was a proper party: Edgett v. Douglass, 144 Pa. 95; Bennett v. Bullock, 35 Pa. 364; Watts' App., 78 Pa. 370, 389; Kelley v. Kelley, 182 Pa. 131, 139.

Plaintiff was not guilty of laches: Galliher v. Cadwell, 145 U. S. 368.

Plaintiff did not by his proxy ratify the action of the directors: Seichrist's App., 66 Pa. 237; Russell v. Patterson, 232 Pa. 113.

As to appellant's contention that plaintiff if entitled to a decree was entitled only to his proportion of the unlawful salaries, we cite: Kelly v. Thomas, 234 Pa. 419.

OPINION BY MR. JUSTICE SADLER, February 12, 1923:

The Harvey R. Pierce Company began its business of dealing in surgical instruments in 1911, with a capital of $25,000, represented by 250 shares of stock, and the three directors, chosen in 1916, were the holders of a majority. One Pillings had an equitable interest in 72 shares, not assigned on the books of the corporation, and Lowman, the present plaintiff, owned 50, purchased in 1913, which amount he still holds. In 1914, the directors, and defendants here, increased their salaries from $30 to $35 per week, and in 1916 added $10 more. In 1917, the rate was fixed at $100, and in 1918 a definite sum of $10,000 per year for each was named. This was decreased in 1919 to $6,000, and in 1920 still further, to $4,500. The earnings of the company did not permit the payment of these amounts in cash, and a certain proportion was evidenced by notes given, increased from time to time, by reason of balances unpaid, until in 1920 obligations were outstanding in favor of Pierce for $8,350; Jones, $8,900, and Gussmann, $8,767. During the ten-year period of operation the net profits of the corporation were slightly less than $39,000, the larger portion of which was earned during the war. For seven of these years, the salaries paid the three directors amounted to $98,725, and there was disbursed in dividends, the sum of $11,340.

Lowman did not reside in Philadelphia, the company's place of business, and during 1917 and 1918 was engaged in war service abroad. He relied upon Pierce to look after his interests, and from time to time sent him a proxy, authorizing representation at the stockholders' meetings, and his vote was cast to approve generally the

actions of the board of directors. This continued until February, 1921, when he complained of the excessive expenditures, and was subsequently asked by Gussmann to come to the next meeting and voice his objections. He did not appear personally, nor was he there represented by proxy. Soon thereafter he filed this bill, praying that the resolutions fixing salaries be annulled and that the corporation notes, given for unpaid balances, be surrendered and cancelled.

Answers were filed by all of the defendants. Pierce and Jones admitted they had acted wrongfully toward the minority stockholder, and surrendered the notes held by them. Gussmann, however, insisted on the payment of his obligation, denying any fraud or unfair conduct. A hearing was had, and findings of fact, justified by the evidence, and conclusions of law, were made. The learned court below determined the defendants guilty of overreaching, and fixed the amount of salaries fairly earned during the disputed period. The result was a decree reducing the claim of Gussmann to $2,232, and a direction to Pierce and Jones to repay certain amounts received. From the adjudication, the former alone appealed.

It is first suggested that plaintiff has no standing to bring this action as a minority stockholder, without previous demand that the corporation proceed, followed by its refusal. Ordinarily, the rule stated is to be enforced: Kelly v. Thomas, 234 Pa. 419. But there is an exception recognized, where, as in this case, such request would be futile, since the suit would necessarily be instituted by the directors on behalf of the company against themselves: Wilson v. Brown, 269 Pa. 225; Glenn v. Kittanning Brewing Co., 259 Pa. 510; Com. Title, etc., Co. v. Seltzer, 227 Pa. 410. Whether this principle be applicable or not, it cannot be invoked in a case such as this, where no preliminary objection was made, but the parties proceeded to trial without complaint, and took the chances of a determination in their favor. Had the de-

fendants desired to avail themselves of the want of a proper party plaintiff, a demurrer should have been filed, and the matter thus brought to the attention of the court in the first instance.

The findings of fact here made are justified by the evidence, and therefore are to be sustained: Cruzan v. Cruzan, 243 Pa. 165. In applying the law thereto, many and uniform decisions of this court are to be found justifying supervision of the action of directors of corporations in fixing their own salaries, where fraud or overreaching appears. In all important particulars, save one, the ruling in Sotter v. Coatesville Boiler Works, 257 Pa. 411, governs the questions raised by the appellant here. In view of the carefully prepared opinion in that case, a repetition of the argument there made, and the supporting determinations, would be useless, and we content ourselves with adopting it as controlling here.

One phase of this controversy, not specially discussed in the case above referred to,—though the stock of the plaintiff there had at times been voted by proxy in approval of the action of the board of directors,—may be noticed. Lowman attended no meetings personally, but did furnish authority to Pierce to act in his stead, and, on several occasions, the stock standing in his name was voted in confirmation of all acts theretofore performed. Now, it is insisted, this constituted a ratification of the increase in salaries, and the plaintiff is no longer in a position to object. An officer of a corporation cannot authorize an increase of pay for himself against the protest of a minority of the directors and stockholders: Schaffhauser v. A. & S. Brewing Co., 218 Pa. 298. There is no reason, however, why such action may not be subsequently approved at a stockholders' meeting, at which the director or officer may vote as any other qualified owner of shares in the company (Russell v. Henry C. Patterson Co., 232 Pa. 113); subject, however, to the limitation as thus expressed by Justice MESTREZAT (p. 122), "the majority stockholder may not, as against the corporation and minority stockholder, dissipate or waste

its funds, or fraudulently dispose of them in any way, either by ratifying the action of the board of directors in voting themselves illegal salaries, or by any other act."

Pierce not only voted his own stock, but that of Lowman by proxy, in approval of acts which he admitted on the trial were unfair to the corporation and the minority stockholder. With his codirectors, he held a majority of the stock, irrespective of the fifty shares owned by Lowman. As a rule, where a proxy is duly constituted, and the power of attorney conferred thereby is unlimited, the voting of the stock binds the shareholder to the same extent as if cast in person; but the one to whom it has been given must not act in bad faith. The proper rule was thus stated,—though not necessary to the decision of the particular case,—in Mutual Reserve F. L. Assn. v. Taylor, 99 Va. 208, 37 S. E. 854: "It is unquestionably the duty of an agent to act for the interest of his principal to the best of the agent's judgment and belief, and if his acts are so clearly against such interest as to show that he acted otherwise, his act is void, and the principal is not bound, except as to an innocent party." Here, Pierce knowingly used the power conferred for his personal benefit, and to the detriment of his principal. No one was misled thereby to his injury, and we therefore conclude that the act of Lowman does not estop him from maintaining his present action.

It is further argued that in no case should the recovery against Gussmann exceed one-fifth of the claim made, since Lowman owned only that proportion of the capital stock. This argument disregards the fact that the decree, secured at the instance of the minority stockholder, is on behalf of the corporation itself. There has been, as found by the court, the improper removal of some of its assets, which should be returned, or, what is in effect the same, the cancellation of the obligation given. This has been voluntarily done by Pierce and Jones, and, to the extent indicated, must likewise be compelled in the case of the remaining defendant.

The decree is affirmed at the cost of appellant.