## Mears et al. v. Bloomsburg Brick Company et al.

*Corporations—Suit by stockholder—Preliminary demand for corporation to sue—Misconduct of officers.*

1. Before an individual stockholder of a corporation can bring suit against it, under ordinary conditions, he must make a demand upon the corporation to institute the suit, and that he made such demand and the corporation refused to do so must be set out in his bill.

2. If it sufficiently appears that such demand would be useless, it need not be made.

3. Where the officers and directors control a corporation, and the minority stockholders address to them a letter complaining of excessive salaries and demanding redress, and such demand is refused, the minority stockholders may file a bill in equity in their own names, without further demand, against the corporation, its directors and officers.

Demurrer to bill. C. P. Columbia Co., Sept. T., 1923, No. 2, in Equity.

*H. Montgomery Smith,* for plaintiffs.

*A. W. Duy* and *E. J. Mullen,* for defendants.

POTTER, P. J., 17th judicial district, specially presiding, March 6, 1924.— The plaintiffs in this case are individual stockholders in the Bloomsburg Brick Company, they owning 194 shares. The defendants are the president, vice-president, secretary and treasurer of this said corporation and own 380 shares.

The bill filed by the plaintiffs sets up the excessiveness of the salaries of the defendants, as officers of this corporation, voted to themselves by themselves, asks for a refund by them into the treasury of this corporation of such amounts as the court may deem excessive for the years 1919, 1920, 1921 and 1922, and asks for an injunction to restrain these said officers from voting or paying to themselves hereafter salaries in excess of such amounts as the court may deem reasonable compensation.

The defendants have filed a demurrer to this bill, the chief ground of which is the claim that the plaintiffs, before bringing suit in their own names, did not first make a demand on the said corporation to bring suit in the name of the corporation against the defendants for the recovery of the money claimed by them to have been wrongfully taken from this corporation by these defendants.

The plaintiffs take the position that they have complied with the law in this respect by sending to the defendant the following letter, viz.:

### EXHIBIT A.

To the President and Board of Directors of the Bloomsburg Brick Company, Bloomsburg, Pennsylvania:

Gentlemen: The undersigned, minority stockholders of the above Company, have just recently learned from an examination of the books and records of the Company, that shortly after the death of Mr. H. R. Mears (April 16, 1922) the Board of Directors, in addition to their compensation of $15 each for each meeting of the Board, held a meeting at which they voted to themselves annual salaries aggregating $14,000, to accrue and be paid from Jan. 1, 1922.

We submit that such salaries are grossly excessive, unreasonable and exorbitant, and that said action having been taken without the knowledge or approval of the minority stockholders, the same is illegal and void.

We further submit that the allowance of $15 per diem to each director for attending directors' meetings is, in view of the size and financial condition of the Company, a generous compensation for the services rendered by the directors and officers.

We further point to the fact that the undersigned stockholders have in the past been kept in ignorance of the affairs of the Company, and believe that in the future we are entitled to representation upon your Board of Directors in order that our rights may be fully protected, and we may be advised from time to time of the financial condition of the Company.

Mears et al. *v.* Bloomsburg Brick Company et al.

By reason of the premises, we respectfully request that the foregoing action of the board, in reference to salaries, be reconsidered and rescinded, and all salaries received in accordance with said action be refunded to the Company; that the books of the Company be immediately audited by a certified accountant, to be chosen by the undersigned; that we be granted representation on said Board of Directors; and that in the future a full and complete report and statement of the financial status of the Company be furnished at each annual stockholders' meeting, and monthly balance sheets be furnished to any stockholder whenever requested.

We trust that favorable consideration and action will be taken upon the above requests not later than June 1st next, in order that it may not be necessary for us to resort to legal proceedings to enforce our rights.

May 15, 1923.                  Respectfully submitted,

                                        (Signed)          NELL E. MEARS,
                                                          RALPH G. PHILLIPS,
                                                          MARK GRAHAM,
                                                          ABE H. GENNARIA,
                                                          EDWIN H. ENT,
                                                          M. M. PHILLIPS,
                                                          FRANK D. PHILLIPS.

To which the following reply was sent them by the defendants, viz.:

EXHIBIT B.

To Mrs. Nell Mears and others, Stockholders Bloomsburg Brick Company, Blooms-
    burg, Pa.:

Your communication of May 15, 1923, addressed to the President and Board of Directors of the Bloomsburg Brick Company has been received and was laid before the Board at its meeting on May 29, 1923, and has received mature consideration.

For answer thereto, the writer is instructed to say:

That prior to the death of H. R. Mears, the salaries paid to the officers and directors of this Company aggregated the sum of $14,500 per annum, and upon his death, the duties theretofore performed by him devolved upon the remaining officers and directors, who have since been obligated to give personal attention to the details of the business, for which they are entitled to compensation commensurate with their services.

The salaries paid to the present officers and directors of the Company aggregate the sum of $14,000 per annum, which, in view of the services rendered by them, is neither excessive, unreasonable nor exorbitant.

The present Board, by strict attention to the affairs of the Company, and by loaning to it their individual credit through the personal endorsement of its liabilities, have placed the Company upon a much more sound financial basis than it has ever heretofore enjoyed.

In addition to the material reduction of the liabilities of the Company, this Board has declared and paid the following

DIVIDENDS

| Date | Common | Preferred |
|------|--------|-----------|
| 1-1-20 | 6 per cent. | |
| 7-1-20 | 3 per cent. | 3 per cent. |
| 1-1-20 | 6 per cent. | 3 per cent. |
| 7-1-21 | | 3 per cent. |
| 12-31-23 | 12 per cent. | 3 per cent. |
| 7-1-22 | | 3 per cent. |
| 12-31-22 | 12 per cent. | 3 per cent. |

Under the By-Laws of the Company the matter of the payment of dividends, salaries and commissions is vested in the Board in its absolute discretion, and this Board has in no way abused its discretion.

At the last annual meeting of stockholders, the full quota of directors was duly and legally filled to serve for the ensuing year; upon the death of Mr. Mears, the vacancy caused thereby was filled as provided by the By-Laws, and, as no vacancy exists, your demand that you be given representation upon the Board cannot now be complied with.

The Board feels that the audit of the books of the Company by a certified public accountant would incur an unwarranted and unnecessary expense, but since it is desired, will interpose no objection thereto and will arrange for such audit at an early and most convenient date.

Mears et al. *v.* Bloomsburg Brick Company et al.

The books of the Company are at all reasonable times open to the inspection of any stockholders upon application to the proper officer.

Very respectfully,

MYRON I. LOW, Secretary,

Bloomsburg Brick Company.

It is a familiar principle of law that needs no authorities to sustain it that before an individual stockholder of a corporation can bring suit against the corporation, under ordinary conditions, he must make a demand upon the corporation to institute the suit, and the refusal of the corporation to do so, and this demand, must be set out in his bill.

Then, again, we have it well established as a legal principle that if it sufficiently appears that a demand would be useless, it need not be made: Wolf *v.* Railroad Co., 195 Pa. 91; Wilson *v.* Brown, 269 Pa. 225.

In the case at bar the four defendants named are the officers as well as the directors of this corporation. They own a large majority of the shares of stock, which gives them full control of the affairs of the corporation. So far as concerns the business affairs of this concern, the plaintiffs would have nothing to say should the defendants exercise their controlling power. Should suit be brought upon a demand made by the plaintiffs, it must needs be brought by the defendants against themselves, a thing which no man is prone to do. Therefore, a demand made by the plaintiffs that these four defendants bring suit against themselves can very easily be considered as a "vain and useless thing."

Then, again, we have a letter, marked Exhibit A, sent by the plaintiffs to the defendants, in which they call the attention of the defendants to their alleged excessive salaries, and ask them to refund the excess of them into the treasury of the corporation. This request was refused by the defendants, and, if so refused by them upon an endeavor by the plaintiffs to amicably adjust their differences, we can hardly conceive that, upon demand made, they would bring legal action against themselves.

In the reply of the defendants, marked Exhibit B, to the letter of the plaintiffs, marked Exhibit A, the statement is made that the "salaries of the officers of this corporation are neither excessive, unreasonable nor exorbitant. That the matter of the payment of salaries is vested in the board in its absolute discretion, and this board has in no way abused its discretion." Exhibit A was presented to the board of directors at its regular meeting, and this same board took corporate action on it and directed the secretary to reply as is set out in Exhibit B.

This is a very gentlemanly and polished manner of saying that, so far as concerns the salaries of the officers of this corporation, they deem them to be correct and that they will take no steps to alter or change them. What more of a refusal to take cognizance of the complaint of the plaintiffs can be given except perhaps a blunt and emphatic No. This reply savors largely of diplomacy all through, but, stripped of all its surplus verbiage, it is simply a refusal to take any action on the matters complained of by the plaintiffs. Where, then, would there be any legal necessity to ask the defendants to bring suit against themselves after this polite but emphatic refusal? To do so would be "vain and useless."

We think this case is ruled by Wilson *v.* Brown, 269 Pa. 225; Commonwealth Title Co. *v.* Seltzer, 227 Pa. 410; Glenn *v.* Kittanning Brewing Co., 259 Pa. 510, and Lowman *v.* Pierce Co., 276 Pa. 382.

The case of Pellio *v.* Bulls Head Coal Co., 231 Pa. 157, has been cited by counsel for the defendants as controlling the question in issue. In that case a

notice was served as a demand to have suit brought by the corporation, but it was held to be insufficient because it was not addressed to the board of directors, and, further, because the notice did not state specifically against whom suit was to be brought. We do not think this case is parallel with the case at bar.

The case of McCloskey *v.* Snowden, 212 Pa. 249, is also relied upon by the defendants to sustain their contention. In that case a demand was made upon the officers and directors, but the bill was held to be defective, in that there was nothing in it to show a breach of trust or an acquiescence in fraud on the part of the directors. We do not think this case applicable to the present contention.

We have another class of cases where no demand or request of any kind was made on the directors of the corporation, among which is Holton *v.* Railway Co., 138 Pa. 111. Of course, a demand must be made or it must be shown why it was not made. In the case last cited no demand was made and it was not shown why none was made. Neither do we consider this case in any way similar to the one before us.

In the 17th paragraph of the plaintiffs' bill they allege that they "have exhausted all means within their power to obtain within the corporation its redress of this complaint, as will more fully appear from a written request submitted to the said officers and directors under date of May 15, 1923, and their reply thereto, copies of which are attached hereto and marked Exhibits A and B."

We regard this paragraph as sufficiently setting forth a demand or request upon the directors of this corporation, and in view of their corporate reply, any further demand or request upon them would be a vain and useless thing.

We are expressing no opinion whatever as to the merits of the bill. From the allegations in it of fraud on the rights of the plaintiffs, not being so far in the pleadings denied, it might well be taken to set up such matters as are not merely differences of opinion. Of course, on further proceedings being had, all these matters may be fully explained, but as the issue now stands we feel that both sides should be given a full hearing on the merits of their respective contentions.

And now, to wit, March 6, 1924, for the reasons given in this opinion, the demurrer is overruled, and the defendants are required to file their answer to the bill within twenty days from this date.

From Charles P. Ulrich, Selinsgrove, Pa.