## Moore v. Keystone Macaroni Manufacturing Company et al. (No. 1)

*Bickel & Ehrgood,* for plaintiff.

*E. D. Siegrist, C. M. Seltzer,* and *Thomas B. K. Ringe,* for defendants.

EHRGOOD, P. J., December 7, 1951.—This matter is before the court on preliminary objections of the Keystone Macaroni Manufacturing Company, a Pennsylvania corporation, hereinafter called company, George B. Johnson, Raymond Guerrisi, Charles J. Travis, Paris N. Hershey, and Earl R. Schreiber, directors, and individually, and also on preliminary objections of Raymond Guerrisi, as director and individually, to the complaint filed by plaintiff, Caroline Moore, in the above-entitled action, against the company and its directors, as individuals.

The complaint, inter alia, alleges that after plaintiff acquired on February 18, 1949, 140 shares of the 4,800 outstanding shares of the common stock of the company, defendant directors, above named, adopted a resolution whereby they elected defendant Raymond Guerrisi as vice president of the company at a salary of $20,000 per year. That this action of the directors, which was never approved by the stockholders, is void in that (a) the salary in question is unreasonably excessive and disproportionate to the fair value of Raymond Guerrisi's services to the corporation, amounting to a spoilation and waste of corporate property;

(b) the action of the directors was part of a nefarious plan or scheme to circumvent the special injunction of this court in plaintiff's first suit to equity docket, 1950, no 2, wherein she attacked the corporation's alleged gift of $25,000 a year to Saveria E. Guerrisi, the mother of Raymond Guerrisi; (c) a majority of the outstanding shares of stock being held in the Estate of Girolamo Guerrisi, deceased, and voted by his executor or trustees, "the Guerrisi Family, with its representatives on the Board, and the aid of persons subservient to their wishes, controls the affairs of the corporation and arbitrarily fixed the salary of said Raymond Guerrisi", and (d) the action of the directors was illegal, constituted a breach of trust, authority and discretion, wilful mismanagement, and malfeasance, and amounted to a wrongful diversion of funds, and mismanagement.

The complaint further avers that plaintiff sought redress of her grievances within the corporation by employing counsel, H. Rank Bicke, Jr., who requested and demanded that the directors and officers should take remedial action as more fully outlined in a letter from plaintiff's counsel to defendant corporation, a copy of which, marked exhibit A, is attached to the complaint, and that defendant directors recover from defendant Guerrisi any amount paid him in excess of what the board might determine to be fair, just and reasonable. The complaint concludes with a prayer that the board's resolution fixing defendant Guerrisi's salary as vice president at $20,000 be declared void, that an injunction issue restraining payment of any sum to him pursuant to the resolution, and that the court determine what was a reasonable salary for his services and direct him to return any excess, and that, in the event of failure to recover from him, defendant directors and officers be required to account

to the corporation for any money determined to be improperly paid to him under the resolution.

The preliminary objections allege eight reasons why plaintiff's bill of complaint is defective. The first reason assigned is that the bill fails to comply with Equity Rule 37 of the Pennsylvania Supreme Court because it does not set forth the reason for the refusal of the directors to take remedial action requested by plaintiff.

Equity Rule 37 provides:

"Every stockholder's bill brought against a corporation and other parties, founded on rights which should have been asserted by the corporation itself, must contain an allegation (which must be proved at the trial) that plaintiffs were stockholders at the time of the transaction of which they complain . . . and that the matters complained of injuriously affect the material interests of the complainants. It must also set forth, with particularity, the efforts made to secure action on the part of the managing directors, trustees or stockholders (whichever course is necessary), and their reasons for refusing to act, or plaintiff's reasons for not making the efforts above specified".

An examination of the bill of complaint discloses that plaintiff was a minority stockholder of defendant at the time of the grievances complained of, having been the owner of 140 shares of stock since February 18, 1949. It further discloses that the estate of the deceased father of defendant, Raymond Guerrisi, is the owner of the majority shares in defendant corporation, which has issued and outstanding 4,800 shares of stock of the par value of $100 each, and 90 shares of the preferred stock. That George B. Johnson is president; Raymond Guerrisi, vice president, and Charles J. Travis, secretary and treasurer, of defendant corporation, and that they, together with Paris N. Hershey, and Earl R. Schreiber, are the directors of the corporation. That plaintiff, through its counsel,

demanded that directors and officers should take remedial action with reference to the resolution whereby defendant Guerrisi was elected vice president at a salary of $20,000 a year, by letter, dated September 26, 1950, a copy of which, marked exhibit A, is attached to the bill. That none of the defendants replied to the letter. The letter, inter alia, states that counsel for plaintiff attended the annual meeting of the stockholders of the corporation as attorney for and proxy of plaintiff and that at the meeting, after the election of the board of directors, plaintiff's counsel stated that if the board at its reorganization meeting fixed the salary of any member of the Guerrisi family that was unreasonable and disproportionate to the value of the services being rendered, his client would object and on her behalf action would be taken to protect her interests. Further, that the salary of $20,000 a year fixed by the board for defendant Guerrisi as compensation for his services as vice president and in the sales department is not a fair, just or reasonable compensation. In this letter plaintiff, through her counsel, demanded that the resolution be revoked and that the salary fixed therein be reduced to an amount which is just, fair and reasonable. Further, it advised the corporation that plaintiff would take legal action unless the corporation complied with her demands.

The second reason assigned in defendant's Preliminary Objections is that the bill fails to set forth that plaintiff exhausted her remedies with defendant corporation by making an effort to obtain redress through the stockholders.

The first and second reasons assigned will be considered and disposed of by the court at this time.

As to objection 1 of defendant's preliminary objections, the bill of complaint alleges that plaintiff was a stockholder at the time of the passage of the resolution and that the matters complained of injuriously

affected the material interests of plaintiff. It was also alleged in paragraph 3 the demand of plaintiff on the corporation, its directors and officers, to take remedial action, as set forth in exhibit A, attached to plaintiff's bill. The bill further alleged that the letter "remains unanswered". It, therefore, appears that neither the corporation, its officers nor directors, ever revealed the reason for the refusal of the directors to take remedial action as requested by plaintiff. Wherefore, it would seem to this court it was impossible for plaintiff, in her bill, to set forth the reasons for the refusal of directors to take the remedial action requested by plaintiff. In view of the foregoing allegations contained in plaintiff's bill, it seems that plaintiff has alleged everything possible and necessary to comply with the requirements of Equity Rule 37.

The second objection of defendants is that the bill fails to set forth that plaintiff exhausted her remedies with defendant corporation by making an effort to obtain redress from the stockholders.

Equity Rule 37, in this respect, requires the bill to set forth the efforts made to secure action on the part of the managing directors, trustees *or stockholders* (whichever course is necessary). In Lowman v. Harvey R. Pierce Co., et al., 276 Pa. 382, 385, it was held:

"It is first suggested that plaintiff has no standing to bring this action as a minority stockholder, without previous demand that the corporation proceed, followed by its refusal. Ordinarily, the rule stated is to be enforced: Kelly v. Thomas, 234 Pa. 419. But there is an exception recognized, where, as in this case, such request would be futile, since the suit would necessarily be instituted by the directors on behalf of the company against themselves: Wilson v. Brown, 269 Pa. 225; Glenn v. Kittaning Brewing Co., 259 Pa. 510; Com. Title, etc., Co. v. Seltzer, 227 Pa. 410."

Plaintiff's bill of complaint alleges, inter alia, that plaintiff, through her attorney, protested against the action of the board of directors and demanded that they take remedial action. We are of the opinion that under the allegations contained therein and under the cases hereinbefore cited, that it would have been futile to make any further request to the stockholders of defendant company, particularly as the bill of complaint alleges that 2,509 shares of the common stock, being a majority thereof, are held in the estate of Girolamo Guerrisi, the deceased father of defendant Guerrisi and are voted by either his executor or trustees. Under the allegations in the bill of complaint, any remedial action would have to be instituted by the directors on behalf of the company against themselves.

The third objection assigned is that the bill is insufficient and defective in that it does not inform defendants of the person or persons who are the executor or trustees of the estate of Girolamo Guerrisi, deceased. Equity Rule 91 provides that the practice shall conform as nearly as may be to the practice in the courts of law in all cases where the Equity Rules do not apply. Rule 1019 $(g)$ of the Pennsylvania Rules of Civil Procedure sets forth that a party may incorporate by reference any matter of record in the office of any clerk of any court of record. The executors and trustees of Girolamo Guerrisi's will are a matter of record in the office of the Register of Wills of Lebanon County. Paragraph 20 of the bill alleges that the estate of Girolamo Guerrisi is the owner of the majority of the shares of common stock of defendant company, and paragraph 20 alleges that the Guerrisi family, with its representatives on the board, control the affairs of the corporation. The record of the Register of Wills of Lebanon County discloses that defendant Guerrisi is one of the trustees under the will of decedent, and that defendant Earl R. Schreiber is the

cashier of the bank which is named as the executor and a trustee under the will of decedent. Wherefore, we are of the opinion that the allegations of the bill are sufficient to inform defendants of the person or persons who are the executors or trustees of the estate of Girolamo Guerrisi, deceased.

The fourth objection is that the bill fails to set forth the facts upon which the salary of Raymond Guerrisi is unreasonable, excessive and disproportionate to the value of his services. The twenty-second paragraph of the bill sets forth that prior to September 15, 1950, he received compensation of $5,200 per year, whereas thereafter his salary was fixed at $20,000 a year although the services which he renders are substantially the same. The question as to whether or not the services rendered subsequent to defendant Guerrisi's election as vice president of defendant company were substantially the same as prior thereto is a matter of proof and plaintiff need not plead her evidence. Defendants also contend that the bill does not set forth with particularity why an increase of salary from $5,200 a year to $20,000 a year constitutes a waste of corporate property. This court is of the opinion that it is a sufficient allegation upon which to base a conclusion that the increase of salary may be unreasonable and excessive, dependent upon the evidence produced at the time of the hearing on this question.

The fifth objection sets forth that the bill fails to set forth with particularity the facts upon which plaintiff predicates her charge that the action of the directors was a subterfuge to circumvent the court's injunction issued in the former equity action to Equity docket, 1950, no. 2. This objection relates to the allegations contained in paragraph 19 of plaintiff's bill of complaint. We are of the opinion that this paragraph contains sufficient facts upon which to base her charge that the action of the directors of defendant

company was a subterfuge to circumvent this court's injunction, heretofore issued to Equity docket, 1950, no. 2. However, it is encumbent upon plaintiff to substantiate these allegations by competent legal evidence at the time of hearing. We are also of the opinion that there are sufficient facts alleged in paragraph 19 to enable defendants to make answer thereto.

The sixth objection sets forth that the bill violates Equity Rule 34 in that it fails to include as an exhibit a copy of the resolution of the board. Rule 34, inter alia, provides that if plaintiff relies upon a written instrument for recovery, a copy of the material facts must be included as an exhibit. Under the allegations contained in plaintiff's bill plaintiff does not rely upon the resolution for recovery but alleges that the resolution was merely evidence of the wrongful action of the board. It is the alleged wrongful action of the board in fixing a salary of $20,000 for defendant Guerrisi that is the basis of plaintiff's complaint. The allegation contains sufficient information to enable defendants to plead or answer the same, particularly as the resolutions in question are set forth in the minute book of defendant corporation, which is in the exclusive possession of defendant company.

The seventh objection is that the bill does not set forth a cause of action because it does not show that the election of Raymond Guerrisi as vice president, at the salary stated, created a new corporate office or was accompanied by an increase of salary payable to the office of vice president, or that such election was not pursuant to a general promotion of the officers as a result of the death of Girolamo Guerrisi, its president.

The allegation in the bill is that the salary of $20,000 fixed by the directors of defendant company for defendant Guerrisi is unreasonable, excessive and disproportionate to the fair value of his services to the

corporation. The salary paid to George B. Johnson, the former vice president, of $20,000, is not questioned by plaintiff, but she alleges that this salary is excessive and an unreasonable use of defendant company's assets, when paid to defendant Guerrisi. Furthermore, it was held in the case of Davis v. Thomas and Davis Co., 63 N. J. Eq. 572, 52 Atl. 717, cited with approval in Sotter v. Coatesville Boiler Works et al., 257 Pa. 411, that where the action of the corporate directors in attempting to fix their own salaries for services rendered their corporation, is challenged by interested parties, the burden is on such directors to show what services they have performed and the value thereof. We are of the opinion that this allegation is sufficient and that plaintiff need not allege the evidence to support the same. When defendant directors elected defendant Guerrisi, as vice president of defendant company, it was their duty to fix his compensation at an amount which was not excessive and unreasonable, but which was commensurate with his ability to perform the same and to the fair value of his services to defendant company.

The eighth objection sets forth that this equity action brought by plaintiff is an attempt to supersede the discretion of defendant directors with respect to the management of the corporation in its internal affairs.

In Lowman v. Pierce Co., 276 Pa. 382, it was held, inter alia, at page 386:

"In applying the law thereto, many and uniform decisions of this court are to be found justifying supervision of the action of directors of corporations in fixing their own salaries, where fraud or over-reaching appears. . . .

" '. . . the majority stockholder may not, as against the corporation and minority stockholder, dissipate or waste its funds, or fraudulently dispose of them in any

way, either by ratifying the action of the board of directors in voting themselves illegal salaries, or by any other act.' "

In the case of Sotter et al. v. Coatesville Boiler Works et al., supra, it was held:

"Where a board of directors votes excessive salaries to certain of its members who are also officers or employees of the corporation, even though such action may subsequently be ratified at a stockholder's meeting, the action of the board when called into question by a minority stockholder is subject to review by a Court of Equity, and, if the finding of the latter tribunal is that the salaries in question are exorbitant, it may determine the value of services rendered by the officers or employees in question and restrain the corporation from paying the excess thereof."

The question as to the action of the directors in voting to pay defendant Guerrisi a yearly salary of $20,000 can only be determined by the taking of all pertinent and relevant testimony as to the nature of the services to be rendered by him, his experience, training, and suitability for the duties to be performed by him, and any other pertinent facts and circumstances evidencing the same. This evidence can be produced by the parties to this action at a final hearing.

This court is of the opinion that the allegations contained in plaintiff's bill are sufficient, in form and substance, to cause this court to require defendants to plead and answer the bill of complaint. While it may be doubtful that plaintiff's allegations of fraud are insufficiently pleaded, we think the allegations of overreaching are sufficient.

Plaintiff averred in her motion to dismiss the preliminary objections to the bill of complaint filed by defendant Raymond Guerrisi that defendant failed to comply with Rule 48 of the Equity Rules of the Penn-

sylvania Supreme Court, which provides the preliminary objections to a bill of complaint "must be accompanied by affidavit that it is not interposed for the purpose of delay." At the time of hearing, an examination of the preliminary objections filed by defendant Guerrisi shows that there was an affidavit attached signed by defendant and sealed by the notary public, but that the notary public failed to place her signature upon the jurat to the affidavit. The court then directed that the notary public who took the affidavit sign the same. This was done and, therefore, we hereby dismiss plaintiff's motion.

Wherefore, we make the following

### Order

And now, to wit, December 7, 1951, after argument and upon due consideration, all of defendant's preliminary objections are overruled; and defendants are given leave to file an answer within 20 days after the date of this decree.