## Kistler v. Faller

*Hyman Goldstein,* for plaintiff.

*Hermas L. Weary,* for defendants.

JACOBS, J., May 25, 1956.—On July 7, 1955, plaintiff in the above action filed an amended complaint. On July 22, 1955, one of the defendants, Mrs. John D. Faller, Sr., filed a petition asking to be dropped as a party defendant. A rule to show cause was granted, and after argument, this court, on October 31, 1955, discharged the rule. All of the defendants, on July 27, 1955, filed the demurrer to the complaint which is now before the court for consideration.

Paragraphs 1 and 2 of the demurrer contain substantially the same reasons which were given by defendant, Mrs. John D. Faller, Sr., in her petition to be dropped as a party defendant. The objections raised in paragraphs 1 and 2 of the demurrer were disposed of by this court by its order dated October 31, 1955, and will not again be considered at this time.

Defendants' fifth reason why their demurrer should be sustained is that the allegations of the complaint deal entirely with matters concerning the internal management of the corporation and therefore cannot be raised in a stockholder's derivative suit. The complaint alleges dealings between the corporation and several of its directors wherein certain sums of money

were paid to several of the directors for rent, salary and other purposes. While it is true that a corporation may make contracts with its directors which involve the expenditure of corporate funds, such contracts are always subject to close scrutiny. This court is of the opinion that. the action of the board, averred in the amended complaint, which for the purposes of the demurrer must be admitted to be true, is subject to review by a court of equity, and this objection will not be sustained: Sotter v. Coatesville Boiler Works, 257 Pa. 411.

Paragraphs 3 and 4 of the demurrer object to the complaint on the grounds that plaintiff has not made prior demand upon the corporation to take action or shown sufficient reason why such demand was not made. Paragraph 41 of the amended complaint covers plaintiffs' allegations in this regard and reads as follows:

"No demand has been made upon the Board of Directors of the defendant corporation to bring action for the relief appropriate to the facts herein alleged, inasmuch as all of the directors excepting the plaintiff are the individuals charged with the responsibility of having committed the acts complained of and all of whom are subservient to the defendant, John D. Faller, Jr., who has failed and refused to comply with the demands and requests of the plaintiff from time to time for a correction of the matters complained of, and that by reason of the aforesaid, a request to the directors and officers of the defendant corporation to bring this action would be wholly futile."

Rule 1506 of the Rules of Civil Procedure governing the action in equity provides, inter alia, as follows:

"In an action to enforce a secondary right brought by one or more stockholders or members of a corporation or similar entity because the corporation or entity

refuses or fails to enforce rights which could be asserted by it, the complaint shall set forth . . . .

"(2) the efforts made to secure enforcement by the corporation or similar entity or the reason for not making any such efforts."

In stockholder's derivative suits, such as the one now before the court, the corporation must be given an opportunity to bring suit first, because the cause of action stated in the complaint belongs to the corporation. Under the rule, if plaintiff made efforts to secure enforcement by the corporation, through its officers and directors, she must set forth sufficient facts to inform defendants and the court of the efforts made. If she made no efforts, she must state the reason for not making them.

That portion of Pa. R. C. P. 1506 requiring plaintiff to set forth "the reason for not making any such efforts" is a restatement of existing law. Therefore, the case law in effect prior to the adoption of the rules of civil procedure would be applicable in interpreting this requirement. In Wilson v. Brown, 269 Pa. 225, Justice Kephart defines the situation where a prior demand of the management is not required as follows:

"Where it appears that fraudulent acts, prejudicial to the interests of the corporation, have been committed, so interwoven with the conduct of the corporate managers and of such nature that it might be presumed the officers would commit a breach of trust in refusing to proceed, a demand is not necessary, as it would be 'vain and useless'. Ordinarily there is no presumption that officers will commit such breach of trust, and the charge that they will should rest on acts, affirmative or permissive, duly averred, manifestly in violation of duty, and manifestly a result of fraud and not of erroneous judgment." Cited with approval in Evans v. Diamond Alkali Company, 315 Pa. 335.

Mrs. Kistler in her complaint does not allege any fraudulent acts on the part of defendants. This court is of the opinion that such acts by the individual defendants must be alleged before it can be presumed that the corporation would refuse to proceed. There is no reason to assume that John D. Faller, Jr., would not have insisted on corporate action merely because he controlled the other individual defendants. Nowhere in the complaint is he accused of any fraudulent act or act manifestly the result of fraud, nor are any of the other individual defendants so accused. This court considers the alleged reason for failure to demand corporate action insufficient.

However, the complaint does allege that John D. Faller, Jr., was a director, secretary, treasurer and general manager of Mt. Holly Water Company. He was the chief executive officer of defendant corporation. The other members of the board of directors, in addition to plaintiff, were his mother, his cousin and his secretary. Plaintiff alleges that all members of the board except herself were subservient to John D. Faller, Jr. Assuming this to be true, for the purposes of the demurrer, demands for corporate action made to John D. Faller, Jr., were really demands made upon the board of directors. Plaintiff must state specifically the efforts she made through John D. Faller, Jr., to get the corporation to act. These are part of the material facts on which her case is based.

### Order

And now, May 25, 1956, at 3 p.m., for failure to set forth the efforts made to secure enforcement by the corporation and for failure to set forth a valid reason for not so doing, defendants' preliminary objections to the amended complaint are sustained and plaintiff is given 20 days from the date of this order in which to file an amended complaint.